FRANCIS SALMON, Appellant, *v.* JOHN and ELIZABETH HOFFMAN, CHARLES and BARBARA ALEXANDER and CATHARINE and SAMUEL SCOTT, Respondents.

A vendor has a lien on the land sold, for the purchase-money, unless he has taken security for its payment, though he has executed the conveyance.

And where he has not conveyed the title, his position is analogous to that of a mortgagee.

And in such case on tendering a deed, which he is bound to make, he may insist on payment of the purchase-money as a condition of delivering the deed.

A purchaser in possession cannot reclaim the purchase-money on account of defect in the title, unless he has been evicted or disturbed.

Though a deed executed by an agent (holding a power of attorney from his principal,) in his own name be inoperative as a conveyance, it will be good as an agreement, and the principal may be decreed to convey.

If the plaintiff have the legal interest in the money sued for, the Court will not entertain an objection that other persons for whom he is agent or trustee ought to sue.

A party cannot ask the rescission of a contract on account of an obstacle to its completion caused by his own fault.

*Caveat emptor* applies in sales of real estate where there is no fraud, warranty, &c.

APPEAL from the Superior Court of the City of San Francisco.

In August, 1851, Salmon filed his complaint against the respondents, charging that on the 4th of July, 1849, the defendants, by their power of attorney of that date, recorded in San Francisco, authorized one Henry Fisher to dispose of certain lands in San Francisco, to which the defendants claimed title as heirs of

James Scott, late of San Francisco; that the defendants, by their said agent, contracted with the plaintiff for the sale of said lands, at the price of $34,000, whereof the plaintiff paid the defendants, through their said agent, $10,000, on the 2nd of November, 1849 ; and on the same day, the agent, in his own name and as his own act, and not in the name of the defendants, executed a deed for said lands to Mary Catharine Salmon, which deed was intended for the use of the plaintiff; that the title of the defendants never passed by said deed; that the consideration for said $10,000 had entirely failed ; and that the defendants had promised to pay the same, but refused; and praying judgment for said $10,000, with interest, &c., and for an attachment.  The plaintiff made affidavit that the defendants were nonresidents, and that they were indebted to him $10,000, with interest at 10 per cent. per annum from the 2nd of November, 1849, over and above all discounts, and that the same was due upon a contract for the direct payment of money.

The defendants filed a long answer, admitting the power of attorney, sale, and conveyance, as charged, and the payment of $10,000 to Fisher, but denying that the defendants received the money ; and insisting that the title of the defendants passed by the deed ; that the plaintiff took and held possession by virtue of the deed; that the original contract of sale,—a copy of which was annexed,—was made on the 2nd of November, "between Henry Fisher, attorney in fact for the heirs of James Scott, late of, &c., of the one part, and Francis Salmon, of the other part," and by it "the said Henry Fisher, attorney as aforesaid, sold to the said Salmon the following" 12 fifty vara lots, for $34,000, whereof $1000 was paid in hand, $9000 was payable on the 14th of that month, $12,000 in 6 months, and $12,000 in 12 months from that date ; said Salmon to have possession, and pay taxes ; and on payment of said $9000, "the said Henry Fisher is to convey to said Francis Salmon the said lots by the same title by which said James Scott held them at the time of his death, and then said Salmon is to give said Fisher notes and mortgage on said lots to secure back payments."  Signed by Salmon, and "Henry Fisher, Att'y."  The answer also contained a copy of the conveyance, bearing the same date, but executed on the 26th of November, when the $9000 was paid.  The deed purported

to be between "Henry Fisher, attorney in fact, &c., of the one part, and Mary Catharine Salmon, of the other part;" and by it the "said Fisher, attorney as aforesaid," in consideration of $34,000, sold, released, conveyed, and quit-claimed to her, in fee simple, "all those fifty vara lots," &c.; and was signed, "Henry Fisher, attorney in fact for the heirs of James Scott, deceased." The answer further stated, that on the same day the deed was made, the plaintiff, as attorney in fact for M. C. Salmon, (his sister,) and in her name, executed notes and a mortgage for the residue of the purchase money, and guaranteed the payment of the notes in his own name; that in April, 1850, the plaintiff requested Fisher to procure the defendants to execute, in person, a conveyance of said lots to one Ellis; that pursuant to such request, the defendants did execute such conveyance, which was tendered to the plaintiff, in September, 1850, on payment of or security for the $24,000, which was refused; and they by their answer again offered to deliver a deed executed by themselves, on payment of the purchase money. The defendants denied any indebtedness to the plaintiff; and set up a counter-claim against him for the $24,000 and interest.

The cause was tried by the Court, the parties waiving a jury. The Court made a special finding of the facts, according, substantially, with the answer of the defendants, and further stating, that the $10,000 paid by the plaintiff to Fisher, was money furnished to the plaintiff by several other persons, who were associated and interested with him in the purchase, and who had never assigned to him their interest in the money paid; that the defendants derived title to the lots through grants made by American Alcaldes in 1847, during the war with Mexico; that the lots were unoccupied up to the time the plaintiff took possession; and that the record of a suit by Fisher v. Salmon, for the residue of the purchase-money, was in evidence, showing that the Supreme Court had decided the conveyance by Fisher to be a nullity, &c.; and thereupon rendered judgment for the defendant, on the grounds, 1st, That if the consideration for the payment of the $10,000 had failed, as the money did not belong to the plaintiff, he could not recover. 2nd. That the money had never come to the hands of the defendants. 3d. That there was no failure of consideration. The plaintiff appealed.

*Saunders*, *Hepburn*, and *Bagley*, for the appellant. The money claimed was paid on a contract void for want of consideration. Fisher *v.* Salmon, (by which the respondents are estopped, as they were the real parties to that suit;) Suñol *v.* Hepburn; and Woodworth *v.* Fulton, in this Court. Fowler *v.* Shearer, 7 Mass. 14. 31. The plaintiff was entitled to sue as trustee for his associates.

*Hamilton* and *McLane*, for the respondents. 1st. The payment was voluntary, without any mistake of fact, and without fraud; and therefore cannot be reclaimed. 1 Wend. 355; 21 Ib. 133; 2 Kent, 470. 473; Coop. Eq. Rep. 308; 14 Ves. 144; Story Cont. sec. 414; 2 Caines, 188. 2nd. The plaintiff received possession; and has never been evicted or disturbed. 21 Wend. 134; 2 Johns. Ch. 188; Domat, vol. 1, p. 230–5. 3d. A possessory title is a good consideration. 9 Wend. 160; 17 Ib. 188; 21 Ib. 135. 4th. The buyer cannot rescind the contract so long as he retains possession. 21 Wend. 135. 5th. Admitting that the deed executed by Fisher was defective, the defect was cured by the subsequent tender of a deed executed by the defendants. 2 Wheat. 13; 12 Ib. 611. 6th. A judgment for the plaintiff could not bar a suit by the owners of the money.

Justice HEYDENFELDT delivered the opinion of the Court. The defendants were the heirs of James Scott; and in making the contract which has given rise to this suit, one Fisher was their agent. Fisher, as agent, contracted with the plaintiff to sell the lots in question, "by the same title by which James Scott held them at the time of his death." This language is so specific as to have put the plaintiff on his guard; and is just as forcible as the legal maxim of *caveat emptor*. This renders it unnecessary to inquire into the title which was acquired by James Scott, in his life time. It is sufficient that the fact is found by the Court below, that the conveyance of such title placed the plaintiff into the actual possession of the premises.

The question raised, that the contract was made by the plaintiff as agent of Mary Catharine, or of other associates, amounts to nothing; because it is alleged in the complaint, and admitted by the answer, that as far as Mary Catharine is concerned, her name was only used for some purpose which may have been pro-

per and legitimate, and that the party really interested, is the plaintiff. As far as regards any associates in the purchase, which he may have had, the record discloses nothing which can warrant any conclusion for the Court to act upon. The case must, therefore, be decided in the view that the plaintiff was the actual and sole purchaser of the lots described in the complaint.

The deed made by Fisher, was improperly executed; but it bears on its face the evidence that this impropriety was the result of mistake or ignorance, and negatives the idea of an intention to defraud or deceive. He signs the deed with his own name, describing himself as "attorney of the heirs of James Scott." This was certainly irregular and informal. But it is found to be the fact, that Fisher had an actual and *bona fide* power from the heirs of Scott to sell the lots; that in pursuance of that power, he did sell; and therefore, if the deed which he gave the plaintiff was inoperative as a deed, yet it was certainly sufficient to serve as "a note or memorandum in writing," of the agreement between the parties : and when to this is added, that it was accompanied by the delivery of the possession, there was unquestionably sufficient evidence for a court of equity to have decreed a specific performance of the contract, and to have required the heirs of Scott to convey; or, if they were beyond the reach of the Court, then to have made a decree, divesting them of the title, and vesting it in the plaintiff.

The facts found, however, show that there was no necessity at any time, to drive the plaintiff to his remedy for specific performance :—if that were so, he might, with equal right, claim as his remedy, the rescission of the contract. It seems, that after the defective deed of Fisher was executed, the plaintiff requested him to have executed other deeds, directly by the heirs of Scott, and to another person, designated by the plaintiff. To this proposition a ready assent was given; and the respondents, in accordance with the directions of the plaintiff, executed the deeds, and tendered them to the plaintiff, on the simple condition, that he should pay the balance of the purchase-money, which was then due, or secure its payment, by a mortgage on the property; and this the plaintiff failed or refused to do.

It is a well settled rule, that the vendor of real estate has an equitable lien on the land sold for the payment of the purchase-

money, even where the title has been fully conveyed; if he has taken no security for its payment: and the rights of a vendor who has not conveyed the title, cannot be of less efficacy. It is but a just precaution on his part, that he should withhold the title until the purchase-money is fully paid; and the law will not deprive him of the only security which he has. His position is analogous to that of a mortgagee, and he may enforce his rights in the same manner.

It is unnecessary to decide anything as to the effect of the decision of this Court in the case of Fisher *v.* Salmon. That case stood upon the facts then presented to the Court, which were substantially different from those which have been eliminated in the case before us.

The plaintiff cannot be permitted to come into a court of equity, and have relief by the rescission of the contract, against the wishes of the respondents, when the only obstacle to its completion and fulfilment, was caused by his own default, and when the other party is entirely without blame.

Let the judgment be affirmed.