[No. 7,966.—Department One.]

CENTRAL PACIFIC RAILROAD COMPANY *v.* GEORGE MUDD AND ALEXANDER MONTGOMERY.

| 59 | 585 |
|----|-----|
| 82 | 126 |
| 59 | 585 |
| 88 | 325 |
| 59 | 585 |
| 92 | 526 |
| 59 | 585 |
| 120 | 419 |

VENDOR AND VENDEE—DEFAULT OF VENDEE—EJECTMENT — EQUITABLE TITLE.—Where a contract for the sale of land contains a provision that, upon default of the vendee, in payment of the principal or interest, or in any other stipulation of the contract, the vendor may re-enter; and the vendee makes default, and, on demand, refuses to deliver possession, the vendor may maintain ejectment.

ID.—ID.—ID.—PRACTICE—CROSS-COMPLAINT.—In such case, if the vendor recovers possession, the vendee may go into equity (where a separate Court of equity exists) within a reasonable time—where time is not of the essence—offer payment of the balance of the purchase money, with interest, and obtain a decree for the performance of the contract; and, in California, he may attain the same end by filing a cross-complaint.

ID.—ID.—ID.—ID.—Under our system, a vendee, if entitled to the possession under the contract, may defend his possession at law; and he can not be deprived of his possession at law, if its continuation is not dependent upon his performance of the conditions of the contract under which he entered.

ID.—ID.—ID.—ID.—A vendee can not be moved by ejectment, if he has performed the conditions of the contract and is in a position to demand a conveyance; and in such case, it would seem that he may even recover the possession at law, if ousted by the holder of the naked legal title.

ID.—ID.—ID.—ID.— CASES DISTINGUISHED AND EXPLAINED. — *Gaven* v. *Hagen*, 15 Cal. 208; *Willis* v. *Wozencraft*, 22 id. 618; *Miller* v. *Steen*, 30 id. 403; and *Bohall* v. *Diller*, 41 id. 535, distinguished; *Salmon* v. *Hoffman*, 2 id. 143, and *Rourke* v. *McLaughlin*, 38 id. 199, explained.

APPEAL from a judgment for the defendants, George Mudd and Alexander Montgomery, in the Superior Court of the County of Colusa. HATCH, J.

*Joseph D. Redding,* for Appellant.

The action of ejectment is simply a possessory action, and settles nothing but the right of possession between the parties, and is a common form of procedure on contracts for purchase, similar to the one at bar, in all the states of the Union. (*Gregg* v. *Von Phul,* 1 Wall. (U. S.) 274, 282; *Burnett* v. *Caldwell,* 9 id. 290; *Wright* v. *Moore,* 21 Wend. 229; *Marlin* v. *Willink,* 7 Serg. & R. 297; Tyler on Ejectment, 565, 707 (as to Illinois); *Baker* v. *Gittings,* 16 Ohio, 485; *Showers* v. *Emery,* id. 294; *Kelly* v. *Hendricks,* 57 Ala. 193; *Edgerton* v. *Peckham,* 11 Paige's Ch. 353; *Keller* v. *Lewis,* 53 Cal. 112; *Gaven* v. *Hagen,* 15 id. 208; *Long* v. *Neville,* 29 id. 131; *Ellis* v. *Jeans,* 7 id. 415; *Hansbrough* v. *Peck,* 5 Wall. 506.)

A vendee in possession under an executory contract can not avail himself of his equitable title as a defense to the legal title, unless he is in a position to demand a conveyance of the legal title to him; or unless his possession is not dependent on the performance of the conditions of the contract. (*Love* v. *Watkins,* 40 Cal. 564; *Willis* v. *Wozencraft,* 22 id. 607; *Spencer* v. *Tobey,* 22 Barb. 260; *Gaven* v. *Hagen,* 15 Cal. 210.)

*H. M. Albery,* for Respondents.

The mere failure by Mudd to pay installments of interest at the time they fell due, does not entitle plaintiff to the possession of the land. Neither does it deprive the defendants of any of their rights or equities under the contracts, for it is clear that the time of the payment of interest is not of the essence of the contracts. (*Willis* v. *Wozencraft,* 22 Cal. 608; *Miller* v. *Steen,* 30 id. 402; *Steele* v. *Branch,* 40 id. 1, and cases cited.)

The rule in this State is that ejectment by the vendor against the vendee upon an executory contract for the sale of land, where the vendor has placed the vendee in possession under the contract, will not lie, unless the contract be rescinded, and the vendee placed *in statu quo.* (*Willis* v. *Wozencraft,* 22 Cal. 608; *Miller* v. *Steen,* 30 id. 402; *Bohall* v. *Diller,* 41 id. 533.)

The transaction between the plaintiff and the defendant Mudd, constituted an equitable mortgage. (2 Wash. on Real Prop. (3d ed.), 83–93; Story's Eq. Jur. (Redfield's ed.), §§ 1217, 1218; *Salmon* v. *Hoffman,* 2 Cal. 142; *Sparks* v. *Hess,* 15 id. 194; *Baum* v. *Grigsby,* 21 id. 177; *Rourke* v. *McLaughlin,* 38 id. 199.   See also C. C., § 2924.)

McKINSTRY, J.:

Ejectment.  Plaintiff and defendant Mudd entered into written agreements by which plaintiff agreed to sell to defendant certain lands, defendant to pay the purchase price in installments of principal and interest.  There was a stipulation in the contract in these words: "And if the said party of the second part (defendant herein) shall fail to punctually make any of said payments of interest or principal, or shall fail to strictly comply with any of the stipulations of this contract, then the said party of the first part, its successors or assigns, shall have the right to enter upon and take possession of the said premises, with all the improvements thereon."

The complaint alleges plaintiff's ownership and seisin in fee of the lands, and sets out the contracts in full; avers the entry of defendant Mudd in pursuance of the contracts; that there became due and owing (at times mentioned) certain interest, etc., no part of which has been paid, and that plaintiff demanded payment, which said defendant refused.  That thereafter plaintiff demanded possession of defendants, which was also refused, and is still refused, etc., defendants withholding the possession.  That the other defendants are in possession with defendant Mudd and under him.

The prayer is: First, for the restitution of the tracts of land and premises; second, for two hundred and eighty dollars, rents, etc. (or mesne profits).

To the complaint defendants demurred, on the grounds: First, that said complaint does not state facts sufficient to constitute a cause of action; second, that several causes of action are improperly united.  The Superior Court sustained the demurrer, and, the plaintiff declining to amend, judgment was rendered and entered for defendants.  From which plaintiff has appealed.

The action is an action at law for the recovery of the pos-

session, and the sole question is, whether the facts alleged show plaintiff to be entitled to the possession, as against defendants.

The complaint alleges that defendant Mudd entered under and in pursuance of the contract. The question considered in *Gaven* v. *Hagen*, 15 Cal. 208 (whether where a contract for sale and purchase of lands is silent as to possession the vendee has a right to take and hold possession prior to conveyance), is not involved in the present inquiry. The decision in *Willis* v. *Wozencraft*, 22 id. 618, was put, on petition for rehearing, upon the ground that the contract there relied on by the vendee provided for possession by the purchaser, and did *not* provide that, on failure to comply with its conditions, his right to the possession should cease. Whatever may be said of *Willis* v. *Wozencraft*, it is not like the case now before us. The Court there said: "But it is now urged that this right of possession (in the purchaser) extends only to the time when the purchase money became due, and if the money was not then paid the right of possession in the vendee ceased, and the same reverted to the vendor. *Such are not the terms of the contract,* nor is such the proper equitable construction of it. There are no words in the agreement thus *limiting* the right of possession vested in the vendee." And in the same case (22 id. 615): "The right to a *conveyance* was dependent upon the payment of the purchase money, but the right of *possession* was, under the agreement, immediate and *continuous,* and *not* dependent upon such payment."

In the case at bar there is a distinct stipulation in the contract, that upon failure on the part of defendant to make payment of principal, or interest, in accordance with the terms of the agreement, plaintiff shall have the right to enter, etc. *Miller* v. *Steen* (30 Cal. 403), cited by respondents, turned upon the construction of a peculiar contract relating to personal property. It was *not* there held that the vendor had no right to take possession, upon default of the purchaser, but was held (under the language of the contract there considered) that if the vendor did so take possession, the vendee retained the right to retake it, upon payment of the full purchase price; and if anything more than such

termination of the possession for the time being was intended by the parties in the stipulation they had adopted, it might perhaps have been to authorize the vendor to rescind; a power which could be exercised only on his paying back what he had received—thus restoring the *status quo*.

It may be well here to observe, with reference to the case before us, that the effect of overruling the demurrer to plaintiff's complaint may not necessarily be to deprive the defendant Mudd of all his rights under the contract. He may, perhaps, under proper cross-complaint, be able to show that he is entitled to specific performance.

In *Bohall* v. *Diller*, 41 Cal. 535, it was said: "The plaintiff having stated the contract of sale, and alleged that under it he placed the defendant in possession of the premises, it became necessary for him, if he desired to recover the possession, to show that the contract was rescinded. When a vendee has so failed to perform the contract *that the vendor may elect to treat the contract as rescinded*, it is incumbent on the vendor, *in order to work that result*, to restore to the vendee whatever he has paid on the contract." The language quoted is to be taken in connection with the facts of the particular case. The action was brought to recover the possession of the premises and for judgment for the amount of deferred payments which defendant (vendee) had failed to pay, with interest, as damages, etc. It is perfectly obvious that plaintiff in *Bohall* v. *Diller* was not entitled to recover both the possession and the balance of the purchase price. Yet such seems to have been the judgment accorded to him in the lower Court; a judgment which was properly reversed in the Supreme Court. Again, the transcript in *Bohall* v. *Diller* did not show that the contract, by its terms, provided for re-entry by the vendor in case of default by the vendee, and, therefore, plaintiff was not entitled to recover the possession, if *Willis* v. *Wozencraft* declares the law. On the other hand, it was added by the Court, if plaintiff therein claimed that the action, *Bohall* v. *Diller*, was based upon a *rescission* of the contract, the contract had *not* been rescinded, because no attempt had been made to restore the money already paid. The general language employed in the first sentence of the citation from the opinion in *Bohall* v. *Diller*, is to be read in

view of the questions therein involved, and, in effect, as laying down the rule that if a vendor relies upon his right to rescind, based upon a breach of the contract by the vendee, he must show that he has in fact rescinded, or sought to rescind, by restoring what he has received. Plaintiff and vendor was told—even if it be supposed you had a right to rescind, you cannot assert the right, because you have not attempted to place the vendee *in statu quo.* In the case before us plaintiff has not sought to rescind the contract.

It was said in *Keller* v. *Lewis* (53 Cal. 118), " the vendor is not bound to wait indefinitely after the failure of the purchaser to comply with the terms of his agreement. If the payments are not made when due, he may, if out of possession, bring his ejectment and recover his possession." (Of course, subject to the special case, that the vendee has had conferred upon him by the contract the absolute and continuous right of possession, not to be terminated by his non-compliance with its terms.)

It is true—where a separate court of equity exists—if the vendor brings his action at law to recover back the possession, the purchaser may go into equity within a reasonable time— where time is not of the essence—offer payment of the balance of the purchase money, with interest, and obtain a decree for a performance of the contract. (*Hansbrough* v. *Peck*, 5 Wall. 506.) In California he may attain the same end by filing a cross-complaint. It is also true that, under our system, the defendant, if entitled to the possession under the contract, may defend his possession at law. It may be assumed that he can not be deprived of his possession at law, if its continuation is not dependent upon his performance of the conditions of the contract under which he entered. (*Willis* v. *Wozencraft, supra.*) Nor can he be amoved by ejectment, if he has performed the conditions of the contract by him to be performed, and is in a position to demand a conveyance. (*Love* v. *Watkins*, 40 Cal. 564.) In such case it would seem that he may even recover the possession at law, if *ousted* by the holder of the naked legal title.

Taking the statements of the complaint to be true, the defendant in the case before us has not complied with the contract, and by express stipulation his right to possession

terminated upon his default.   The defendant was permitted
to take possession under the contract subsequently to its
execution; but surely his position is no stronger than if, by
the terms of the contract, he had been authorized to enter
and retain possession while he continued to perform.

It is claimed by respondents that the plaintiff only held an
"equitable mortgage" upon the premises, and *Salmon* v. *Hoff-
man,* 2 Cal. 143, is cited as authority for this proposition.
But considering the context with the language quoted by
counsel from the opinion in that case, it clearly appears that
the Court only said that the position of one having a *vendor's
lien,* was analogous to that of a mortgagee.   Nor does what
is said in *Rourke* v. *McLaughlin,* 38 Cal. 199, uphold the view
of respondents.   There McLaughlin conveyed to Rourke for
the sum of one thousand dollars, and on the same day, and as
a part of the same transaction, Rourke gave McLaughlin "a
contract for the sale of the same land, for the same price, pay-
able by installments, and for a good and lawful deed upon
the payment of the purchase money."   In view of the facts
proved, Sanderson, J., said : "The plaintiff obtained the title
from the defendant, and it is obvious that the transaction was
a loan of one thousand dollars by the plaintiff to the defend-
ant, secured by a deed from defendant.   *   *   *   The real
nature of the transaction is apparent, notwithstanding the
form it has been made to take.   It is one of mortgage, and
not one of purchase."

There the real transaction was a mortgage and not a pur-
chase.   Here the real transaction is a sale and not a mort-
gage.

The plaintiff need not have alleged the facts showing his
title and right of possession; but since the facts alleged, if
proved, will, in the absence of counter-claim or cross-com-
plaint, entitle it to a recovery, the pleading is sufficient.

Judgment reversed and cause remanded with direction to
the court below to overrule the demurrer to the complaint,
with leave to defendants to answer.

MYRICK and ROSS, JJ., concurred.