Harrison, J., Garoutte, J., Van Fleet, J.

---

[S. F. No. 762.    Department Two.—March 25, 1898.]

GERTRUDE RAYFIELD, Appellant, v. MILES E. VAN METER, Respondent.

CONTRACT FOR SALE—REFUSAL OF PERFORMANCE BY BUYER—RECOVERY OF PURCHASE PRICE.—Under a contract for the sale of personal property, for which the purchase price was partly paid, the purchaser, who had received the immediate possession of the goods, and had agreed that if he failed to pay the balance of the price on a day certain he would restore the possession to the seller on demand, but who, at the time performance was due, refused either to pay or to restore the goods, whereupon they were taken possession of by the seller in an action of replevin and subsequently sold, cannot recover from the seller the amount paid on the purchase price, in the absence of any grounds for equitable relief. In such a case, the remedies given to a seller under a contract of sale, by section 1749 of the Civil Code, are inapplicable.

ID.—PURCHASE PRICE.—A buyer of personal property who without lawful excuse refuses to perform his contract is not entitled either at law or in equity to recover back money paid on account thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Charles W. Slack, Judge.

The facts are stated in the opinion.

Naphtaly, Freidenrich & Ackerman, for Appellant.

Charles S. Peery, J. A. Sands, and J. B. Casserly, for Respondent.

BRITT, C.—On September 4, 1890, the parties to this action entered into a contract in writing whereby plaintiff covenanted to sell to defendant certain household furniture at the price of eighteen hundred and thirty dollars, of which price the sum of one thousand dollars was then paid and the residue was to be paid on or before September 4, 1891, plaintiff to give a bill of sale of the furniture on receiving such deferred payment; defendant received immediate possession of the goods, but agreed on his part that if he failed to pay the said balance he would restore such possession to plaintiff on demand. In due time plaintiff tendered to defendant a bill of sale and demanded payment of the said balance of eight hundred and thirty dollars; he refused payment and refused to restore the goods. On November 6, 1891, plaintiff brought this action to recover said goods, and obtained possession thereof by process of claim and delivery. In a cross-complaint defendant alleged that he entered into said contract under the influence of fraud and also duress practiced by plaintiff; that she had replevied the property, and that the consideration for his promise to pay said balance had failed; he prayed that he recover the sum of one thousand dollars already paid, less such compensation to plaintiff for the use of the goods as justice might require. In August, 1893, plaintiff began selling the property, piece by piece, and so disposed of the whole of it; this for the reason testified by her that "the storage charges were very large, and the property was continually deteriorating in value." The trial was had in August, 1895; the findings negatived defendant's allegations respecting fraud and duress, and declared the right of plaintiff to possession of the goods at the commencement of

the action; the facts concerning the replevin and subsequent sale of the goods by plaintiff were found, and the court decided, as the net result, that by selling the goods after she had replevied them the plaintiff rescinded her contract with defendant, and that he was entitled to recover of her his payment of one thousand dollars, less the value of the use of the goods during the time they were in his possession, fixed at four hundred and twenty dollars; he being allowed also interest on the excess of said payment above such rental.

There was no supplemental pleading to raise the question on which the case was made to turn, viz., the effect of the sale of the goods by plaintiff after she had regained possession of them, but, as appellant makes no point on the procedure, we shall consider it as one properly presented by the record. The defendant himself put an end to the contract if plaintiff chose to so regard it. "In cases of this sort, where the question is whether the one party is set free by the action of the other, the real matter for consideration is, whether the acts or conduct of the one do or do not amount to an intimation to abandon and altogether to refuse performance of the contract." (Lord Coleridge, C. J., in *Freeth v. Burr*, L. R. 9 Com. P. 213.) Perhaps the language of the eminent chief justice was hardly sufficiently stringent in allowing that a mere intimation of such intention may dissolve a contract; but it is apparent that in this case the defendant's purpose to refuse performance was distinctly and unequivocally evinced; his refusal to pay the deferred installment of purchase money was continued for nearly two years before plaintiff, having lawfully regained possession of the goods, made sale of them, and by his pleading in the action he repudiated any further obligation under the contract; in which respects, as the findings of the court show, his conduct was without lawful justification. By these acts the *vinculum juris* arising from the contract was broken, and there was nothing which plaintiff needed to rescind.

A buyer who, without lawful excuse, refuses to go forward with his contract is not entitled to recover back money paid on account thereof. (*Bradford v. Parkhurst*, 96 Cal. 102; 31 Am. St. Rep. 189; *Hansbrough v. Peck*, 5 Wall. 497.) Those were cases of sales of lands, but the principle has at least as extensive application to agreements for sale of personalty. (Tiedeman on Sales,

sec. 210; 2 Schouler on Personal Property, sec. 298.)   It is imma-
terial that plaintiff sold the goods.   In *Ketchum v. Evertson*, 13
Johns. 359, 7 Am. Dec. 384, an action for money paid on a con-
tract for the conveyance of land, it was justly and forcibly re-
marked: "To say that the subsequent sale of the land gives a right
to the plaintiff to recover back the money paid on the contract
would, in effect, be saying that the defendant could never sell
it without subjecting himself to an action by the plaintiffs.
Why should he not sell?   The plaintiffs renounced the contract
and peremptorily refused to fulfill it; it was vain, therefore, to
keep the land for them.   The plaintiffs cannot, by their own
wrongful act, impose upon the defendant the necessity of re-
taining property which his exigencies may require him to sell.
This would be most unreasonable and unjust, and is not sanc-
tioned by any principle of law."   These views are equally ap-
propriate to a case of sale of chattels.   (*Neis v. O'Brien*, 12 Wash.
358; 50 Am. St. Rep. 894.)   Defendant here relies somewhat
on *Miller v. Steen*, 30 Cal. 402, 89 Am. Dec. 124, where it was
said that a seller cannot claim both the property and the money
paid in pursuance of a contract for sale of it.   But there the
purchasers, so far from refusing performance of the contract or
denying its obligation, had come in sufficient season and tend-
ered the balance unpaid for the goods and insisted on observance
of the contract—circumstances which make all the difference
in cases of this nature.   (*Packer v. Button*, 35 Vt. 192-94; see
*Central Pac. Co. v. Mudd*, 59 Cal. 588.)

Section 1749 of the Civil Code provides: "If a buyer of per-
sonal property does not pay for it according to contract, and
it remains in the possession of the seller after payment is due,
the seller may rescind the sale, or may enforce his lien for
the price, in the manner prescribed by the title on liens."   De-
fendant claims, as we understand the argument, that since plain-
tiff did not adopt the latter alternative mentioned in section
1749, the law compels her to the first—that is to rescission, and
consequent restoration of the payment she had received.   The
case, however, is without the scope of that section; there was
no sale of the property to defendant—only an agreement for
sale, which was terminated as we have seen; by retaking the
property the plaintiff lost the right to compel payment of the

balance of the purchase price (*Central Pac. R. R. Co. v. Mudd, supra;* Benjamin on Sales, 6th (Bennett's) ed., 284); and had at most but an unliquidated claim for damages for defendant's breach; hence: 1. There was no sale requiring rescission; and 2. There was no lien requiring enforcement, within the meaning of said section 1749. (*Gibbs v. Ranard,* 86 Cal. 531; *Hewes v. Germain Fruit Co.,* 106 Cal. 441; Civ. Code, sec. 3311.)

It is contended that in equity the defendant should recover the sum paid less a proper compensation for the use had by him of the goods. But the grounds for equitable relief against the contract pleaded by defendant were found against him by the court, and he stands in the position of one who willfully refused to comply with his agreement; it seems to us that there is little equity and certainly no sound policy in allowing a buyer under such circumstances to be, at pleasure, quit of his contract with no other liability than such as the law would have implied had there been no contract of sale at all. No case is made for the interposition of equity. (Civ. Code, sec. 3275; Tiedeman on Sales, sec. 219; *Parsons v. Smilie,* 97 Cal. 647; *Hicks v. Lovell,* 64 Cal. 20, 21; 49 Am. Rep. 679; *Thirlby v. Rainbow,* 93 Mich. 168, 169.) The judgment and order appealed from should be reversed.

Belcher, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Henshaw, J., McFarland, J., Temple, J.

Hearing in Bank denied.