[L. A. No. 2282. In Bank.—April 1, 1909.]

## JAMES J. LIVER, Respondent, v. H. H. MILLS, and W. RUSSELL PRICE, Appellants.

CONDITIONAL SALES OF PERSONAL PROPERTY—RIGHTS OF THIRD PARTIES.
—The validity of conditional sales of personal property is fully recognized in this state; and even *bona fide* purchasers from one to whom personal property has been delivered upon conditional sale, under an executory contract reserving title in the vendor until the purchase money is fully paid, obtain no valid claim to the property superior to the rights of the original purchaser.

ID.—EFFECT OF CONTRACT RESERVING TITLE—RIGHT OF POSSESSION UPON DEFAULT.—When a contract for the sale of personal property expressly reserves title in the vendors until the purchase money is paid the title carries with it the right of possession in case of default, though such contract does not contain the usual provision to that effect.

ID.—CLAIM AND DELIVERY FOR DEFAULT IN PAYMENT—ORDINARY RIGHTS OF PURCHASER OR ASSIGNEE TO COMPLETE PURCHASE.—Notwithstanding the recovery of possession by the owners of the legal title for default in payment, the purchasers or their assignee if the contract of sale has not been repudiated, may still complete the purchase and perfect the right to receive the property again by paying the balance due with interest. The mere retaking of the property by the vendors determines only the right to possession at that time, and does not in and of itself terminate the life of the contract, if time is not made of its essence.

ID.—REPUDIATION OF CONTRACT BY ASSIGNEE OF VENDEES—DEFENSE TO SUIT BY ASSIGNEE TO ENFORCE PURCHASE—OMISSION IN FINDINGS —REVERSAL.—An assignee of a contract involving a conditional sale, who stands in the shoes of the conditional purchasers and has expressly refused upon demand to pay the unpaid purchase money and denied and repudiated the title of the vendors and claimed title to the property and has unequivocally declared that he is not bound by the contract and will not perform the obligations, cannot after the vendors have reclaimed the property, come in and demand the fulfillment of the contract which he has thus repudiated; and where said repudiation is interposed as a defense to a subsequent suit of the assignee to enforce the contract, a judgment for the assignee, without any finding upon said defense, must be reversed. [Beatty, C. J., dissenting.]

ID.—EFFECT OF REPUDIATION—DISCHARGE OF VENDORS FROM OBLIGATION. —Such repudiation of the contract by the assignee of the vendees will relieve the vendors from all obligations to perform on their part.

ID.—RETAKING POSSESSION—TREATING CONTRACT AS ENDED NOT WAIVED —RESCISSION NOT REQUIRED.—The retaking of the possession of the property conditionally sold did not waive the right of the vendors to treat the contract as ended by reason of the repudiation of the contract by the assignee. In the face of such repudiation they were not bound to rescind but were at liberty to treat the right of purchase as ended, and to retake the property.

APPEAL from a judgment of the Superior Court of Los 'Angeles County and from an order denying a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Stephens & Stephens, for Appellants.

M. C. Hester, and Hester, Merrill & Craig, for Respondent.

SLOSS, J.—On May 7, 1906, the appellants, who were the owners of a certain automobile, made a contract of conditional sale thereof to S. A. Thompson and J. S. Miller, whereby said vendees were to have possession of the automobile, but title thereto was to remain vested in appellants until the full purchase price was paid. Thompson and Miller paid all of the purchase price except the sum of $132, which was due on May 27, 1906. On June 23, 1906, they sold and delivered the automobile to James J. Liver, respondent herein. On June 26, 1906, Mills and Price, the appellants, instituted an action of claim and delivery against Liver for the recovery of the possession of the automobile. Pending the action, the automobile was, by virtue of a writ, taken from Liver and delivered to Mills and Price, who, on September 17, 1906, recovered judgment declaring that they were entitled to possession. Thereafter, on September 27, 1906, Liver tendered to Mills and Price the balance of $132 which had fallen due May 27, 1906, with interest, and demanded redelivery of the automobile. Compliance with his demand being refused, he commenced this action to recover $450, the value of said machine, and judgment was entered in his favor for such amount, less the $132 (with interest) due under the contract of conditional sale. The defendants appeal from the judgment and from an order denying their motion for a new trial.

The facts as above stated are taken from the findings of the court. So far as we have set them forth, it is not questioned that such findings are in accordance with the testimony. It is, however, claimed by the appellants that the court failed to find upon certain material issues raised by their answer. The answer alleged that prior to the commencement of the action of claim and delivery the defendants herein demanded of Liver that he pay to them the balance of $132 then due, or deliver to them the possession of the automobile, but that said plaintiff refused to do either of these things. It is further alleged that said plaintiff repudiated the terms of the conditional sale, asserted absolute ownership in and right to the possession of

the automobile, and denied that said defendants had any right, title, or interest therein. There was evidence in support of these allegations. We think it clear that findings in favor of defendants upon the issues so raised would have required a judgment that the plaintiff take nothing by the action.

The validity of conditional sales is fully recognized in this state (*Putnam* v. *Lamphier,* 36 Cal. 151; *Kohler* v. *Hayes,* 41 Cal. 455; *Hegler* v. *Eddy,* 53 Cal. 597; *Sere* v. *McGovern,* 65 Cal. 244, [3 Pac. 859]; *Lowe* v. *Woods,* 100 Cal. 408, [38 Am. St. Rep. 301, 34 Pac. 959], and it is well settled that "even *bona fide* purchasers from the person to whom personal property is delivered under an executory contract of sale get no valid claim to the property." (*Van Allen* v. *Francis,* 123 Cal. 474, [56 Pac. 339]; *Palmer* v. *Howard,* 72 Cal. 293, [1 Am. St. Rep. 60, 13 Pac. 858].) The plaintiff did not by his purchase from Thompson and Miller, who were not the owners of the automobile, but only of a contract enabling them to acquire it upon a compliance with certain conditions, get any rights superior to those held by his grantors. Whether the property was in his hands or remained in the possession of Thompson and Miller, the vendors were, on default in payment, authorized to retake possession. The contract, as found by the court, does not contain the provision, usually expressed in such contracts, that, on default by the vendees, the vendors might retake possession. But inasmuch as the vendors never parted with the title, such title carried with it the right of possession in the event of default by the vendees. The purchasers had no right of possession except that given them by the contract, which must be construed as authorizing them to retain possession only so long as they should comply with the conditions required to be performed by them.

It has been held in this state, that where the vendor, in case of a conditional sale, retakes possession pursuant to the terms of the contract, the defaulting vendee may still complete the purchase and perfect his right to receive the property by paying the balance due. (*Miller* v. *Steen,* 30 Cal. 407, [89 Am. Dec. 124].) This upon the theory that a mere delay in the payment of money is ordinarily "capable of exact and entire compensation," and will not, unless time has expressly been made of the essence of the obligation, bar the right of the party in default to tender payment, with interest, at a

later date, and demand performance of whatever obligation was due him upon such payment. (Civ. Code, sec. 1492.) The retaking of the property is a right conferred upon the vendor by the contract of sale, and its exercise does not, in and of itself, terminate the life of the contract. The same reasoning may, perhaps, be applicable where the vendor has obtained the possession of his goods by means of an action of claim and delivery. Such action determines only the right of possession, (*Riciotto* v. *Clement*, 94 Cal. 107, [29 Pac. 414]), and if, as was held in *Miller* v. *Steen*, 30 Cal. 407, [89 Am. Dec. 124], possession by way of security may be resumed by the vendor without destroying the vendee's right to still complete the contract, it would seem to be immaterial whether the vendor took such possession peaceably or regained it by action.

But it certainly cannot be the law that a vendee, under a contract of conditional sale (or his assignee, who occupies no better position) may, denying the vendor's title, refuse to pay the balance due or to return the goods, and finally, after the vendor has established his right in an action at law, come in and demand the fulfillment of the very contract which up to that time he has repudiated. A very different case from that of mere delay in performance is presented where a party to a contract distinctly and unequivocally declares that he is not bound by the contract and will not perform the obligations imposed by it upon him. Such declaration and refusal will relieve the other party from all obligation to perform on his part. (Page on Contracts, sec. 1442; Civ. Code, sec. 1485; *Hanson* v. *Slaven*, 98 Cal. 377, [33 Pac. 266]; *Rayfield* v. *Van Meter*, 120 Cal. 416, [52 Pac. 666]; *Alderson* v. *Houston*, 154 Cal. 1, [96 Pac. 884].)

The vendors did not, by retaking the automobile, waive their right to treat the contract as ended by reason of its repudiation by respondent. As owners of the property, they were entitled to its possession. In the face of a repudiation of the contract by respondent, they were not bound to rescind, but were at liberty to treat the right of purchase as ended and to retake the property. *Rayfield* v. *Van Meter*, 120 Cal. 416, [52 Pac. 666].)

Under these views the appellants were entitled to findings on the issues raised by their averments that the plaintiff had

denied their title and refused to recognize the obligation of the contract under which his immediate transferrors held possession.

The judgment and order appealed from are reversed and the cause remanded for a new trial.

Shaw, J., Angellotti, J., Melvin, J., and Henshaw, J., concurred.

BEATTY, C. J., dissenting.—I dissent upon the grounds stated by the judge of the superior court in an opinion filed by him at the time of giving his judgment in favor of the plaintiff. Said opinion is printed as an appendix to respondent's petition for a transfer of the cause to this court, as follows:—

"The defendants in this case sold an automobile to Miller & Taylor, who in turn sold the property to the plaintiff. After the latter sale the defendants made demand upon the plaintiff for the possession of the automobile or the payment of the sum of $132, balance owing and due on the purchase price of the sale to Miller and Taylor, claiming that the original sale was conditional, title remaining in the defendants until the purchase price was fully paid. The demand of the defendants not being complied with, they brought an action of claim and delivery against the plaintiff for the automobile in which they had judgment. The original contract of sale rested in parol under which the final payment was due the 27th day of May, 1906. Within ten days after the rendition of the judgment awarding possession of the automobile to the defendants, the plaintiff tendered to the defendants the sum of $132 and interest, and demanded of defendants the possession of the automobile, which tender was not accepted and which demand was refused. Plaintiff brings this action in conversion and asks judgment for the value of the automobile alleged to be $450.

"The answer of defendants represents that it was a provision of the original contract of sale that, if Thompson and Miller failed to pay the balance on or before the 27th day of May, 1906, the defendants here 'would have the right to retake the same (automobile) and that said Thompson and Miller should forfeit all sums of money theretofore paid upon the

said purchase price.' The evidence entirely fails to show that there was any agreement of forfeiture.

"The main defense contended for here is that the action of the plaintiff in refusing to deliver the automobile when demand was made upon him after he purchased the same from defendants' vendees and in contesting the action which they brought for possession thereof, amounted to a repudiation of the contract between defendants and Miller and Taylor; that the plaintiff here stands in the shoes of Miller and Taylor and has no rights except what they had under the original contract of sale. Defendants argue that plaintiff has repudiated the contract and that it is a well-known principle of law that where one party to a contract repudiates it, the other party is no longer bound by it, and cites specially the case of *Rayfield* v. *Van Meter,* 120 Cal. 416, [52 Pac. 666], as applicable here. In that case it appears that the defendant purchased of the plaintiff furniture under a conditional contract of sale, the purchase price being payable in installments; that the defendant was in default for a period of about two years; that plaintiff then brought an action for the recovery of possession and the defendant repudiated his contract, and claimed that he had been defrauded by misrepresentation at the time of the purchase of the property, and that nothing further was owing to plaintiff on account of the purchase price. This defense was disallowed by the court. Pending the action the plaintiff resold the property, and it was claimed by defendant that this resale should be construed as a termination of the contract by the plaintiff and defendant sought judgment for the return of the amount of the purchase price which he had paid. The question whether or not defendant was entitled to the return of the purchase price because plaintiff had disposed of the property was the only one passed upon by the court. It was decided that defendant was not entitled to the return of the purchase price for the reason that he had repudiated the contract and absolutely refused to pay anything further thereon, and that plaintiff was then justified in selling the property and not liable to account to defendant for the purchase price paid by him. The defendant in that case was himself in default, not the plaintiff. That case and also the case of *Glock* v. *Howard etc. Colony Co.,* 123 Cal. 1, [69 Am. St. Rep. 17, 55 Pac. 713], cited by defendants, are

authorities for the proposition that, where the vendor is not in default and the vendee is, the latter may not recover purchase money paid.

"It is doubtful if either of the cases is authority here, for the question in issue is quite different. There is a distinction between repudiation of a contract between parties and a denial of the existence of a contract between one of the parties thereto and a third person who has succeeded to the interest of the other in ignorance thereof. In the one case there is bad faith and a denial of obligations on the one part and of rights on the other. Here, so far as the evidence discloses, there is, and has been, no bad faith on the part of the plaintiff, and the defendants were not justified in considering that he had repudiated the contract. As to him it had not been established until the decision of the court in the replevin case. It rested wholly in parol; no writing evidenced it. It is not surprising that having purchased the automobile from the original vendees, without knowledge of the fact that a condition of the sale had been agreed upon betwen the parties whereby the title was to remain in the vendor till full payment of purchase price, the plaintiff should refuse the demand of the defendants. Plaintiff was justified in believing that Miller and Taylor had title to the automobile, for possession of personal property is the highest evidence of title. It is not conclusive, and the defendants here had a right to rebut the presumption of title arising out of the possession and to bring the replevin action, which they did. Until the plaintiff here had repudiated the contract after it had been established, as between him and the defendants, the latter were not justified in treating it as repudiated by the former, and the rules invoked by the defendants are not applicable. It must appear that there has been a willful, intentional renunciation of an admitted or established contract. To apply the principles contended for by defendants to this case would be going too far; it would not be just or reasonable. In some jurisdictions conditional contracts of sale are in decided disfavor with the courts, and it has been held in some states where a third party, without knowledge of the fact that the contract is conditional, has purchased the property, his title and possession will not be disturbed, by proof that there has been a secret condition of the sale that the title should not pass to the original vendee.

A different rule obtains in this state, but the courts should not apply the rule further than is necessary for the protection of the interests of all parties who have acted in good faith. Time was not the essence of the agreement, and in any event, according to all the decisions to which attention has been called, the vendee or his successor in interest should be allowed, within a reasonable time after the retaking of the property by the vendor, to recover the possession with full title by payment of the balance of the purchase price. Under all the circumstances of the case as presented here, the plaintiff's tender of the balance of the purchase price and interest made within a few days after the judgment in the replevin case, must be held to have been made within a reasonable time, and a refusal of the defendants to accept the tender and deliver possession of the automobile was conversion. If the contract had been made between the defendant and the plaintiff here, a different conclusion might be reached; but in view of the fact that the plaintiff was ignorant of the terms of the contract, which he did not make, and knew nothing of except as asserted by the defendants, it would seem unreasonable that the plaintiff was guilty of laches in tendering the balance of the purchase price.

"In the replevin case the defendants here, being plaintiffs there, alleged the value of the automobile to be $450 and the court so found; and from the evidence presented upon the trial of this case, I think the court's conclusion should again be that the value of the automobile at the time of the commencement of this action was $450, for which amount, less the balance of the purchase price, which was tendered, to wit: $135.50, the plaintiff shall have judgment, and an order will be entered to that effect.

"WALTER BORDWELL, Judge."