# Gillespy, *et al. v.* Hollingsworth, *et al.*

*Bill to Enjoin Ejectment Suits, to Reform a Deed, and for General Relief.*

(Decided June 16, 1910.   Rehearing denied Dec. 22, 1910.
53 South. 987.)

1. *Principal and Agent; Deeds; Execution; Mode.*—A deed executed by an attorney in fact of the grantor must be signed in the name of the grantor to convey the legal title, and a deed signed by an attorney in his own name followed by the words, "attorney in fact for," then the grantor's name does not convey the legal title.

2. *Specific Performance; Defective Execution; Relief.*—Although a deed signed by an attorney in fact in his own name followed by a description of his office for the grantor, and the grantor's name, does not convey the legal title, yet equity can grant relief by compelling an execution of a deed in the name of the grantor.

3. *Equity; Re-trial.*—During the term the Chancellor may grant a rehearing after dismissing the bill for want of equity.

4. *Same; Pleading; Multifariousness.*—Under section 3095, Code 1907, a bill by a grantee executed by an attorney in fact in his own name filed against the heirs of the deceased grantor and the attorney in fact, to enjoin ejectment suits brought by the heirs of the deceased grantor and to reform the deed and for specific performance, is not multifarious.

5. *Appeal and Error; Review; Question; Party Entitled to Raise.* —Where a defendant appeals from a decree and serves notice on a co-defendant who does not appear in court on the appeal, such defendant may not object to the decree rendered against his co-defendant.

Appeal from Jefferson Chancery Court.
Heard before Hon. A. H. Benners.

[Gillespy, et al. v. Hollingsworth, et al.]

Suit by W. H. Hollingsworth and another against Alex Gillespy and others. From a judgment for complainants, defendant named appeals. Affirmed.

After the submission of the cause on demurrer, the bill was dismissed for want of equity. The complain-, ants then filed a motion for a rehearing, which was granted, and after the cause was restored to the docket the complainants amended their original bill, by striking out certain parties defendant, and by adding some of them so stricken as parties complainant, leaving the bill one against Alex Gillespy and Maggie Jones. The same changes were made in the prayer. The bill was further amended by adding certain paragraphs thereto, asking for specific performance of the contract made by Jones as attorney in fact, and the execution of a legal deed to the property sought to be conveyed originally.

BUSH & BUSH, for appellant. To entitle a party to specific performance there must be a mutuality of obligation and remedy.—*Davis v. Roberts*, 89 Ala. 402. The court erred in decreeing against Maggie Jones, as no issue was ever joined and no decree pro confesso rendered.—*B. & L. Assn. v. Riddle*, 129 Ala. 562.

ESTES, JONES & WELSH, for appellee. There was no multifariousness in the bill.—*Lehman v. Myer*, 67 Ala. 403; *Moog v. Talcott*, 72 Ala. 210. The chancellor had power to grant a rehearing during the term of the court at which he dismissed the bill for want of equity. Although the deed was improperly executed equity will grant relief by way of reformation and specific performance.—*Taylor v. A!. & M. Assn.*, 68 Ala. 237; *Hollis v. Harris*, 69 Ala. 291; *Sparks v. Woodstock I. Co.*, 87 Ala. 297.

SIMPSON, J.—The bill in this case was filed by the appellees to enjoin certain ejectment suits, to reform a deed, and for general relief; and by subsequent amendments prayed also for specific performance, for the execution of a valid deed, and for general relief.

The facts are that in the year 1900 one James Gillespy executed a power of attorney to S. E. Jones, authorizing him to take charge of certain lands; to plat, survey, and convey the same. Said attorney in fact sold the lots in question, they being a portion of the land included in the power of attorney, to the appellees, received the purchase money, placed them in possession, and executed a warranty deed, stating in the body of the deed that it was made under and in pursuance of the powers conferred by said power of attorney, referring to the book and page where the same is recorded, but signed the deed, "S. E. Jones, Atty. in fact for Jas. Gillespy." Action of ejectment was brought by the heir of James Gillespy for the lots after his death. It is claimed by the respondents (appellants) that the deed was void because it was not signed in the name of Gillespy.

It is true that, at common law, a deed so signed does not convey the legal title, but this court has held distinctly that a court of equity will cure the defective execution of the deed and will not permit the parties "to be disappointed and their just rights defeated merely because, from inadvertence or from ignorance, or mistake as to the method which ought to be pursued to bind" the party passing his "estate and interest in the land, there is a defective execution of the power."—*Taylor v. A. & M. Ass'n,* 68 Ala. 229; 237-238; 31 Cyc. It is probable that relief might have been granted under the specific, or if not, then under the general, prayer of the original bill (Sims' Ch. Prac. §§ 284, 288), so that it

was not necessary that it should be dismissed for want of equity, as it was at first, but after it was, the chancellor had the same right to grant a rehearing as he would after the rendition of any other final decree, during the term; consequently there was no error in his granting the rehearing.

The case of *Turner v. Mobile*, 135 Ala. 130, 33 South. 132, does not relate to rehearings, but only to statements in the decree of dismissal.—Code 1907, § 3123. The court of chancery has ample power to grant relief, in such cases, by specific performance.—*Pensonneau v. Blakeley et al.*, 14 Ill. 15, 19; *Salmon v. Hoffman*, 2 Cal. 138, 142, 56 Am. Dec. 322; *Welsh v. Usher*, 2 Hill Eq. (S. C.) 167, 29 Am. Dec. 63. The bill as amended was not multifarious.—Code 1907, § 3095.

One Maggie Jones was made a party defendant to the original bill, as one who had purchased one of the lots, and brought one of the suits in ejectment. No decree pro confesso was taken against her, and she does not specially appear in the subsequent proceedings, though the general term "respondents" is sometimes used. The appeal was taken by Alex Gillespy, and a notice, under the statute, was served on said Maggie Jones. She does not appear in this court. As she is offering no objection to the decree Gillespy cannot.

The decree of the court is affirmed.

Affirmed.

ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur.