[No. 1,914.]

## A. KOHLER v. T. R. HAYES.

SALE OF PERSONAL PROPERTY.—If the owner of a piano deliver the same to another person, under an agreement in writing, stating its value, and that such person agrees to pay a specified sum monthly for the use of it, and that it is to be sold for a price therein mentioned, and that a specified sum is to be paid each month until the agreed price is paid, when a bill of sale will be given, the agreement does not constitute an absolute sale of the piano.

IDEM.—Under such agreement the title does not pass, and the party receiving the piano cannot sell the same until the purchase price is paid.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The plaintiff delivered the piano to Dowling on the 13th day of April, 1866. Dowling used the piano in his family; and on the 28th of July, 1866, and after he had paid the one hundred dollars, sold the same to Main & Winchester, of which firm the defendant was a member. The firm made the purchase in good faith, and had no notice of the terms of the agreement under which the piano was delivered to Dowling. As soon as Kohler knew of the sale to Main & Winchester, and in August, 1866, he demanded the piano from them, and, on their· refusal to deliver it, he brought this action to recover possession of the same.

The Court below rendered judgment in favor of the defendant, and the plaintiff appealed.

The other facts are stated in the opinion.

*Whiting & Naphtaly*, for Appellant.

Dowling was not dealing in pianos, and was not intrusted with it for sale; and he could not transfer to a bona fide purchaser a title which he had not acquired. ( *Wright* v. *Solomon*, 19 Cal. 64; *Putnam* v. *Lamphier*, 36 Cal. 151; *Coghill et al.* v. *Hartford & New Haven R. R. Co.*, 3 Gray, 545; *Piser* v. *Stearns & Marvin*, 1 Hilton, 86; *Andrews* v. *Dietrich*, 14 Wend. 32; and *Salters* v. *Everett*, 20 Wend. 373.)

*A. J. Gunnison*, for Respondent.

The instrument, taken as a whole, shows that Kohler sold absolutely the piano to Dowling for the sum of four hundred and eighty-five dollars, to be paid in instalments of forty dollars per month. ( *Miller* v. *Stein*, 30 Cal. 406; *Helm* v. *Dumars*, 3 Cal. 454.)

Purchasers without notice are not bound by the conditions of sale between vendor and vendee. (*Chapman* v. *Lathrop*, 6 Cowen, 114, note *a; Mowry* v. *Walsh,* 8 Cowen, 238; *Mc-Carty* v. *Vickey,* 12 John. 348; *Hussy* v. *Thornton,* 4 Mass. 405; *Carleton* v. *Sumner,* 4 Pick. 516; and *Smith* v. *Dennie,* 6 Pick. 262.)

By the Court, RHODES, C. J.:

It appears, from the agreed statement of facts, that the plaintiff delivered to Dowling a piano under the following agreement:

"Received from Andrew Kohler, on rent, a certain pianoforte, which I agree to return in good order, and to be responsible for the value thereof, the same being of the value of five hundred dollars; and for the use of which I agree to pay said Andrew Kohler, or to his order, the monthly rent of thirty-five dollars or forty dollars, strictly in advance. * * * This piano and stool to be sold for four hundred and eighty-five dollars, on the following terms: Forty dollars to be paid each month till the above sum is paid, when a bill of sale will be given; interest at one per cent per month, to be paid on the amount unpaid after ninety days.

"RICHARD DOWLING."

It also appears that "Dowling never paid the plaintiff upon or under said agreement, or in any way, any money, except the sum of one hundred dollars, which sum of one hundred dollars said plaintiff received thereon." But it does not appear whether that sum was paid as rent, or as a part of the purchase money. The question for solution is whether that instrument is evidence of an absolute sale of the piano. If the agreement fell short of an absolute sale, Dowling had not the capacity to transfer the title to the

piano. The first portion of the written instrument, if it amounts to anything, shows that the parties intended to make a lease. The term is not stated, nor is the rent specified with certainty. It is unnecessary, however, to determine whether, for those reasons, it is void as a lease; for, whether void or valid, it does not constitute a sale, nor does it contribute to that purpose. The remaining portion of the instrument specifies the price and terms of sale; but it recites neither that the plaintiff had sold, nor that Dowling had purchased, the piano. It is either a specification of the terms of the sale, should Dowling elect to purchase, or, at most, a conditional sale. The provision for the giving of a bill of sale, upon the payment of the price of the piano, indicated that it was not the intention of the parties that the title should pass upon the making of the agreement.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Justice Crockett did not express an opinion.