## Case No. 14,205.

### TRUMAN et al. v. HARDIN.

[5 Sawy. 115.] [1]

District Court, D. California. March 5, 1878.

PAROL EVIDENCE—CONTRACT—SALE—PROMISSORY NOTE.

Where a promissory note has been executed with a condition that the mules, the consideration of the note, shall be delivered and vented when the note is paid, parol evidence is admissible to show the real nature of the transaction, and that the note was not paid notwithstanding the mules were delivered. The note is not a written contract inter partes, for it is signed only by one of them, and it would be ineffectual to establish, as against the vendor. the fact of sale.

[This was an action by S. J. Truman and Henry C. Hyde, assignees, against R. L. Hardin.]

William Craig and J. H. Dickinson, for plaintiff.

David McClure, for defendant.

HOFFMAN, District Judge. This was an action by the assignees of Gilbert Horton, to recover the possession of certain mules alleged to have been the property of the bankrupt at the time of filing the petition. It is admitted that the mules were formerly the property of the defendant, and that an agreement for their sale was made between him and the bankrupt. The question is, was the sale an absolute one, or was it agreed that the right of ownership should remain in the vendor until the purchase-moneys were paid? The only written evidence of the agreement is in the form of a promissory note by the vendee, which is as follows: "$1,500. Pope Valley, June 15. 1874. Twelve months after date, for twenty mules, I promise to pay Robert L. Hardin. or order, fifteen hundred dollars in United States gold coin, with interest from date till paid, at the rate of one and a quarter per cent. per month. The said mules to be vented and delivered to said Horton when the said sum and interest is paid. Gilbert Horton." On the execution of this note the mules were delivered to Horton and remained in his possession, with the exception of some short intervals unnecessary to notice, until the bankruptcy. A suit in replevin was subsequently brought by the defendant in this proceeding, and the bankrupt having interposed no defense the mules were delivered to the former by the sheriff. The assignee now sues to recover the possession or the value of the property.

It is contended on the part of the defendant that at the time of the sale it was distinctly understood and agreed that the mules should remain the property of the vendor until paid for.

The assignee resists the introduction of parol testimony to establish this agreement, on the ground that it would alter or contradict the written instrument above set forth. But it will be observed that this instrument is merely a promissory note signed by the vendee alone. It does not purport to create any obligation on the part of the vendor. It indicates an executory agreement to pay for twenty unspecified mules when delivered—a certain sum on a certain day. But it would be unavailable to charge the vendor, because it is not signed by him as the statute of frauds requires. It is, therefore, in no sense a bill of sale or an agreement for a sale. It is merely an agreement to pay for certain property to be thereafter delivered. The mere production of this note with proof of the signature of the maker would of itself be ineffectual to establish, as against the defendant, the fact of sale. Parol proof would be necessary to show his acceptance of it, and the transaction which led to its execution. This parol proof, and not the note itself, would be the evidence to charge the vendor, and the note could then be received as evidence of the terms of sale, not as a written contract inter partes, for it is executed by only one of them, but as a part of the res gestæ, and as showing the real nature of the transaction.

If then the proofs now offered were inconsistent with the transaction, as described by the note in relation to the price to be paid, the credit to be allowed or the number of mules to be delivered, they would be disregarded, not because they contradicted the terms of the written contract of the parties, for they have made none, but because the note being in writing and made by one and accepted by the other would afford the more reliable evidence. But the parol proofs offered do not contradict or vary the agreement, as evidenced by the note.

It is proposed to show an express agreement that the title was to remain in the seller until payment of the price upon a fixed day. This is not only not contradictory to the note, but confirmatory of it. for the note provides in effect that the mules are not to be delivered or "vented," (that is. branded with the owner's sale mark), until the price is paid. This agreement seems to have been waived, so far as the retention of possession by the seller was concerned, for the mules were delivered to the vendee. But the parol proofs show that the title was to remain in him, in accordance with the stipulation in the note with regard to "venting."

The parol proof and the terms of the note thus clearly establish what was the understanding of the parties, and bring the case within the rules governing conditional sales. Parsons, in his work on Contracts, observes: "But where the right to receive payment before delivery is waived by the seller and immediate possession is given to the purchaser, and yet by express agreement the title is to remain in the seller until the payment of the price upon a fixed day, such payment is strictly a condition precedent, and until

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

performance the right of property is not vested in the purchaser." 1 Pars. Cont. 449; 2 Kent, Comm. 495; Putnam v. Lamphier, 36 Cal. 157. And it has been held that the vendor's title will prevail over that of the innocent bona fide purchaser, for value from the vendee in possession. Kohler v. Hayes, 41 Cal. 455; Wright v. Solomon, 19 Cal. 64; Saltus v. Everett, 20 Wend. 267.

The assignee in bankruptcy is certainly in no better position than an innocent purchaser for value. See Benj. Sales (Am. Ed.) § 320, in nota.

Judgment for defendant.