[Civ. No. 1699.  Second Appellate District.—September 25, 1915.]

W. H. DAVENPORT, Appellant, v. THE GRUNDY MOTOR SALES COMPANY, a Copartnership, Respondent.

W. H. DAVENPORT, Appellant, v. G. W. CONDON et al., Copartners, Respondents.

CONTRACTS—CONDITIONAL SALE OF AUTOMOBILE—REPAIRS MADE AT REQUEST OF LEGAL POSSESSOR—LIEN FOR.—Under section 3051 of the Civil Code a party making repairs to an automobile at the request of one legally in possession of the automobile under the terms of a contract for the conditional sale thereof, is entitled to a lien for the work done and materials furnished thereon.

APPEALS from judgments of the Superior Court of Los Angeles County. Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Hutton & Williams, and C. O. Bacon, for Appellant.

H. E. Reach, and William T. Schreider for Respondent, The Grundy Motor Sales Company.

Claire S. Tappaan, for Respondent, Automobile Clearing House Association.

SHAW, J.—These actions grew out of the following facts: The plaintiff, Davenport, who was the owner of an automobile, sold the same under a lease or conditional sale contract to one Seymour who agreed to pay for the same in installments, the title thereto meanwhile to remain in plaintiff until the stipulated price was fully paid. Seymour, having possession of the car under and by virtue of this contract,

left it with The Grundy Motor Sales Company, which, at his request, made repairs thereon amounting in value to $236.85, for which it claimed a lien under section 3051 of the Civil Code, which provides that "a person who makes, alters or repairs any article of personal property, at the request of the owner, or legal possessor of the property, has a lien on the same for his reasonable charges for the balance due for such work done and materials furnished, and may retain possession of the same until the charges are paid." Seymour made default in the payment of the installments agreed to be paid, whereupon plaintiff, after making demand upon The Grundy Motor Sales Company for the delivery of the car, and its refusal to deliver the same, commenced the action hereinabove first entitled to recover possession of the car. Before the officer could execute the writ, The Grundy Motor Sales Company sold the automobile to other parties from whom Condon and Davis, defendants in the second above-entitled action, purchased it; whereupon the second suit was instituted.

The appeals are prosecuted from judgments rendered in favor of defendants in both cases.

The sole question involved is whether or not The Grundy Motor Sales Company was entitled to a lien for the work done and materials furnished in making repairs upon the automobile at the request of Seymour to whom the plaintiff had delivered possession under the terms of the contract for the conditional sale thereof. Appellant insists that as Seymour did not have title to the property, no lien for repairs could be based upon any act or request of his. This contention, however, is contrary to the plain import of the language used in the statute, which, as we have seen, expressly provides that one making repairs at the request of the legal possessor of the property shall have a lien therefor. That Seymour was the legal possessor of the automobile, admits of no question. The case of *Lowe* v. *Woods,* 100 Cal. 408, [38 Am. St. Rep. 301, 34 Pac. 959], cited by appellant, was one wherein the court had before it another provision of the section to the effect that "livery or boarding or feed-stable proprietors, and persons pasturing horses or stock, have a lien, dependent on possession, for their compensation in caring for, boarding, feeding, or pasturing such horses or stock." In construing this provision of the statute, it was

held that a livery-stable keeper acquired no lien for the care of a horse left with him by one having possession thereof under a conditional sale wherein the title was retained in the seller until payment of the agreed purchase price. This case, however, and the authorities cited in the opinion furnish no support for plaintiff's contention, since the provision before the court in that case did not authorize a lien based upon a request made by the *legal possessor* of the property. The statute is clear and explicit in its terms, and construed according to the plain import of the language used, was intended by the legislature to give to one making repairs upon personal property at the request of the one having legal possession thereof a lien therefor.

It is suggested that if the statute be thus construed, then it is unconstitutional. We perceive no merit in this contention. Plaintiff must be deemed to have known what rights he was conferring upon Seymour when he transferred possession of the automobile to him and the transfer must be deemed to have been made in contemplation of the provisions of the statute giving to any person making repairs upon the car at the request of Seymour a lien for the reasonable value of the work done and materials furnished in making such repairs.

The judgments are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 22, 1915.