[Civ. No. 6785. First Appellate District, Division Two.—September 23, 1929.]

M. HESSEL, Appellant, v. PICKWICK STAGES SYSTEM, INC. (a Corporation) et al., Respondents.

Edward J. Jose for Appellant.

Thomas M. Foley for Respondents.

STURTEVANT, J.—The plaintiff commenced an action in claim and delivery. The defendant appeared and answered and also filed a cross-complaint. The cross-complaint was answered and later the parties entered into an agreed statement of facts and on that statement the case was heard and determined in the trial court. The court ordered a judgment in favor of the defendants and from that judgment the plaintiff has appealed.

It is admitted that on the twenty-fifth day of July, 1925, a certain automobile was in the possession of Elmette L. Nielson and William Nielson and that they were the registered owners; that on that date West American Finance Company was the legal owner thereof; that between the said date and the eighth day of February, defendant S. N. Thames at the request of Elmette L. Nielson performed services in towing the automobile and that said services were of the reasonable value of $61.50; that about the same time and on a like request defendant R. H. Wren performed services in repairing the automobile and the services were

of the reasonable value of $128.37; and that thereafter on a like request defendant Pickwick Stages System, Inc., performed services in storing said automobile and that said services were of the reasonable value of $89.50. On February 15, 1926, the legal owner assigned his interest to the plaintiff, the plaintiff demanded possession of the automobile and at the same time plaintiff tendered defendants $100 in full discharge of the claims of the defendants. Both the tender and demand for possession were refused. It was further stipulated that no notice was given to the West American Finance Company before said services were rendered.

The plaintiff contends that the evidence does not sustain the findings that the defendants held good and valid liens, and that the tender was not sufficient. He cites and relies on section 3051a of the Civil Code. If it were the fact that the sum of $247 was demanded by one and the same person for services done and performed on one and the same automobile there would be much merit in plaintiff's contention; however, the agreed facts show that the defendant S. N. Thames rendered services in towing of the admitted value of $61.50; thereupon his lien became a perfect lien. There is nothing in the code section to the contrary. Later the defendant Wren rendered services of the admitted value of $128.37. Before rendering those services the legal owner was not notified. Subject to the objection of the legal owner, Wren's claim was valid to the full amount. (Civ. Code, sec. 3051.) As to the legal owner that statement must be qualified by virtue of the provisions of section 3051a of the Civil Code: ''That portion of any lien, as provided for in the next preceding section, in excess of one hundred dollars, for any work, . . . rendered or performed at the request of any person other than the holder of the legal title, shall be invalid, unless,'' the legal owner is notified before the services rendered. It is therefore clear that Wren's claim under the facts should have been reduced as against the legal owner to a sum not exceeding $100. Still later the Pickwick Stages Sytsem, Inc., rendered services admitted to be of the value of $89.50. Its lien was not subject to any infirmity. It thus appears that the combined claims of all of the defendants were valid to the extent of $251; how-

ever, the amount of the judgment appealed from was $247; in other words, $4 less than it should have been.

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 22, 1929.