[Civ. No. 3937. Third Appellate District.—March 1, 1933.]

MARGARET E. WARREN, Respondent, v. CHARLES N. ELLINWOOD, Appellant.

Nutter, Hancock & Rutherford, Nutter & Rutherford and A. P. Hayne for Appellant.

H. H. McPike for Respondent.

PLUMMER, J.—The plaintiff had judgment in this action for the recovery of a certain band of cattle, or the value thereof. From this judgment the defendant appeals.

The record shows that the plaintiff in this action and Senator John B. Curtin, deceased, were brother and sister; that during the lifetime of Senator Curtin a certain band of cattle belonging to the plaintiff ranged upon lands under the care and custody of Senator Curtin, and were pastured thereon free of charge; that Senator Curtin died early in the year 1925; that after the decease of Senator Curtin the plaintiff attempted to secure possession of said band of cattle, and a controversy arose as to the ownership thereof, between the plaintiff and Mrs. Lucy Curtin, the widow of Senator Curtin, and the plaintiff was not allowed to take said cattle from the premises upon which they had theretofore been pastured. While this controversy continued between the plaintiff and Mrs. Curtin, as to the ownership of the band of cattle involved in this action, Mrs. Lucy Curtin leased certain tracts of land to the defendant in this action, upon which the band of cattle was ranging and feeding; that the defendant, with knowledge that the plaintiff claimed ownership of the cattle, nevertheless declined to deliver the cattle to the plaintiff or to her sons who had called upon him and demanded delivery. There is some testimony in the transcript to the effect that the defendant stated he would deliver the cattle upon payment of a bill of $300 claimed for the pasture and care of the cattle, to which the answer was made by one of the sons that the amount was outrageous. There is sufficient testimony in the record to show that the defendant had knowledge of the fact that the possession by Mrs. Lucy Curtin was wrongful, and knew the same at the time that he took possession thereof.

The finding of the court with reference to the ownership and possession of the property is as follows: "That said defendant unlawfully came into the possession of said per-

sonal property, under authority received from one Lucy Curtin, and against the will of plaintiff, the said Lucy Curtin at the time being wrongfully in the possession of said cattle and all thereof; that the defendant did, after the commencement of this action, offer to deliver said cows, calves, heifers, steers, and the increase thereof, to plaintiff upon payment by plaintiff to defendant of the reasonable value of the pasturage and care given by said defendant, but said plaintiff has, and at all times refused to pay, and still refuses to pay for the care, pasturage and feed of said cows, heifers, calves, steers, and the increase thereof. That plaintiff is not indebted to said defendant for any pasturage, care, feed or water, given to said cattle or any thereof, by defendant; that defendant has not a lien upon said cows, heifers, calves, steers, or any thereof, for any pasturage furnished or any care furnished for said cattle.''

As we have stated, the record shows that the plaintiff refused to pay $300 as the pasturage bill for said cattle claimed by the defendant, but there is no testimony in the record showing that the plaintiff has refused to pay any bill on account of the pasturage of said cattle. The statement of the plaintiff only is that she has not paid any bill. This difference in the finding and the testimony, however, is immaterial.

Section 3051 of the Civil Code gives an agister of livestock a lien thereon for the reasonable value of the feed, care and attention given to the animals. However, the law requires that the one claiming an agister's lien must come into possession of the property lawfully. If the possession is wrongful, no lien arises in favor of such person.

As stated in 2 California Jurisprudence, page 22: ''It is essential, however, that the animal be placed with the agister by its owner, or by someone having authority from him. There is no good reason why a person not an owner should be permitted to pledge property or create a lien on it, any more than he should be permitted to sell it. And it has been said that a contrary rule would be in violation of the fundamental rights of property guaranteed by the Constitution,'' etc.

And as said in 3 Corpus Juris, page 33: ''One who wrongfully obtains or retains possession of cattle is not entitled to a lien for keeping them.'' To the same effect is the case of

*Lowe* v. *Woods,* 100 Cal. 411 [34 Pac. 959, 38 Am. St. Rep. 301], and *Howard* v. *Burns,* 44 Kan. 543 [24 Pac. 981].

The cases cited by the appellant show that the one claiming a lien was lawfully in possession. The section of the code under which an agister's lien may be claimed sets forth in the very first sentence the fact that the person claiming the lien must be lawfully in possession.

■ There is another reason, however, upon which the judgment of the trial court in this case must be sustained. The answer of the defendant admits the ownership of the plaintiff, sets forth his readiness to deliver the property to the plaintiff upon being paid the reasonable value for the feed, pasture and care given the cattle, but the record shows that the defendant failed to introduce any testimony whatever showing the reasonable value of any bill that he might have against the cattle on account of pasturage, care, etc. We have read every word of his testimony, and there is nothing therein upon which the court could make a finding as to the value of the feed, care and attention given the cattle in question. All there is in the testimony as to the value is the fact that at one time when demand was made for the possession of the cattle, the defendant told one of the sons that possession would be delivered upon the payment of $300. There is nothing in the testimony which would warrant the court in finding a judgment in favor of the defendant for the sum of $300, or any other sum that should be awarded the defendant for the pasturage, care and attention given the cattle. By reason of this failure, the court could only find the ownership as it did find, and the right of the plaintiff to the possession of the cattle.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.