FOX, J.
 

 Plaintiff rented a furnished house to a tenant who ran up an unpaid laundry bill with defendant of $161.33. Defendant now has in its possession several bundles of laundry which were part of the furnishings of the house and owned by the plaintiff, on which, however, it claims a lien not only for laundering these particular articles but also for previously accrued charges against the tenant. Plaintiff brought this action to recover possession of these articles or the value thereof. Judgment was rendered giving defendant a lien for the entire unpaid account. From this judgment plaintiff appeals.
 

 Defendant bases its claim for a lien principally upon the provisions of section 3051 of the Civil Code. The pertinent part of the section reads as follows: “laundry proprietors and persons conducting a laundry business, have a general lien, dependent on possession, upon all personal property in their hands belonging to a customer, for the balance due them from such customer for laundry work”. It will be noted that the lien is created against personal property “belonging-to” a customer. What, then, do these words mean ? In our opinion, giving these words their natural and ordinary meaning, they are equivalent, when used to designate the legal relationship between a person and property, to “the property of” or “owned by”. They
 
 *759
 
 imply ownership. (Webster’s New International Dictionary;
 
 San Francisco
 
 v.
 
 McGovern,
 
 28 Cal. App. 491, 500, 501 [152 Pac. 980];
 
 State Land Settlement Board
 
 v.
 
 Henderson,
 
 197 Cal. 470, 480 [241 Pac. 560]; 7 Cor. Jur. 1039, 1040.) Therefore, since the laundry was not owned by the customer the asserted lien thereon is not effective against the real owner
 

 This conclusion finds further support in the wording of the section. In the earlier part of it provision is made for a lien where a person “makes, alters or repairs any article of personal property, at the request of the owner, or
 
 legal possessor
 
 of the property”. (Italics ours.) If it had been the intention of the legislature to give laundry proprietors a lien on personal property delivered to them by one in lawful possession which would be effective against the owner, some expression equivalent to that above italicized should have been used. The difference in the phraseology is significant and serves to negative any such legislative intention.
 

 In interpreting another provision of this code section which gives a lien to livery stable proprietors on horses and stock fed or pastured by them, it was held in
 
 Lowe
 
 v.
 
 Woods,
 
 100 Cal. 408 [34 Pac. 959, 38 Am. St. Rep. 301], that no lien was created in favor of a livery stable keeper for feeding a horse left with him by one having possession thereof under a conditional sales contract by the terms of which title was retained by the seller until the price was paid, and that such a lien could only be created by the owner or by someone authorized to act for him.
 

 Respondent, however, argues that the tenant was the agent of the owner to have the necessary laundry work done. It bases this argument on the fact that when the owner leased the furnished house to the tenant she knew that it would be necessary to have the furnishings laundered from time to time. It is of course true that the tenant had authority to have the furnishings laundered when necessary, but it does not follow that the tenant had authority to have the laundry work done for and on behalf of the owner, or on credit, in the absence of an agreement conferring such authority. Certainly the tenant had no authority to have the laundering done on the owner’s credit and thereby to subject the owner’s property to a lien as security therefor.
 

 Defendant also relies on section 3051a of the Civil
 
 *760
 
 Code, to support its claim of lien. This section does not purport to create any liens
 
 (C. I. T. Corporation
 
 v.
 
 Biltmore Garage,
 
 3 Cal. App. (2d) (Supp.) 757 [36 Pac. (2d) 247]), but rather to provide a procedure by which certain liens (such, for example, as those created in favor of persons who alter or repair articles of personal property at the request of the legal possessor) created under the preceding section in excess of $100 may be made effective against the owner of the property by giving notice to the owner if his address is known.
 

 The judgment is reversed and the cause remanded for a new trial, appellant to recover costs of appeal.
 

 Shaw, P. J., and Schauer, J.,
 
 pro tem.,
 
 concurred.