SHINN, J., pro tem.
Plaintiff, owner of an automobile which had been stolen, appeals from a judgment awarding possession of the car to the defendant, who holds it under a claimed lien on account of repairs and storage. ,
Section 3051, Civil Code, does not provide for a lien upon stolen property, for the repairing or storing of the same at the request of the thief. It is only because of that section that one not the owner, but the legal possessor, may subject the property to such a lien (Davenport v. Grundy Motor Sales Co., (1915) 28 Cal. App. 409 [152 Pac. 932]); otherwise the debt would have to be created by the owner or his authorized agent (Lowe v. Woods, (1893) 100 Cal. 408 [34 Pac. 959, 38 Am. St. Rep. 301] ; McTigue v. Arctic Ice Cream S. Co., (1912) 20 Cal. App. 708 [130 Pac. 165].) The provisions of section 425, Vehicle Code, are governed by the same principle. Sections 3051a, Civil Code, and 426, Vehicle Code, do not create liens but limit those created by others than the legal owners. (C. I. T. Corp. v. Biltmore Garage, (1934) 3 Cal. App. (2d) (Supp.) 757 [36 Pac. (2d) 247] ; Hackett v. California Laundry, (1935) 7 Cal. App. (2d) (Supp.) 757 [45 Pac. (2d) 833].)
It appearing from the facts as stipulated to, that the debt was contracted by one who had stolen the automobile, plaintiff owner was entitled to judgment for possession without payment of defendant’s charges for repairs and storage.
The judgment is reversed with directions to enter judgment in favor of plaintiff, appellant to recover its costs of appeal.
Shaw, P. J., and Schauer, J., concurred.