Appellate Department, Superior Court, Alameda

[Civ. No. 538.   June 30, 1967.]

HENRY R. BROWN, Plaintiff, Cross-defendant and Respondent, v. J. E. FRENCH CO., Defendant, Cross-complainant and Appellant.

Allen L. Norris for Defendant, Cross-complainant and Appellant.

Lin B. Densmore for Plaintiff, Cross-defendant and Respondent.

Before Quayle, P. J., Emerson, J., and Dieden, J.

THE COURT.—In this action both a complaint and a cross-complaint were filed. Cross-defendant did not answer the cross-complaint. The judgment of the court was that plaintiff recover upon his complaint and that cross-complainant take nothing by virtue of his cross-complaint. The appeal is from ''The judgment in favor of plaintiff and against defendant and from the whole of said judgment.'' We have considered

the appeal to be one from the judgment on the cross-complaint as well as that on the complaint.

## THE JUDGMENT ON THE COMPLAINT

Plaintiff was the registered owner of a certain Chrysler automobile. He left it for repairs at defendant's repair shop. The automobile was repaired and defendant's bill therefor was $734.69.

The defendant did not give to the legal owner of the automobile the notice referred to in section 3068, subdivision (b), of the Civil Code. That subsection of the code section reads in part as follows: "That portion of the lien in excess of two hundred dollars ($200), for any work or services rendered or performed at the request of any person other than the holder of the legal title, is invalid, unless prior to commencing any such work or service the person claiming the lien gives actual notice in writing . . . to the legal owner. . . ."

Plaintiff, the registered owner, tendered $200 to defendant for the release of the car. Defendant accepted the $200 but kept the automobile. It is plaintiff's contention that this amounted to conversion of the automobile.

The trial court, on the complaint, entered judgment for plaintiff in the sum of $2,600 principal, $1,000 exemplary damages and $250 attorney's fees.

The question to be determined on this appeal is: Does the holder of a possessory lien for a debt exceeding $200, who has not notified the legal owner pursuant to section 3068, subdivision (b), of the Civil Code, have a right to retain the vehicle when the registered owner, who ordered the work performed, has tendered the sum of $200?

Another way of stating the same question is this: Does the invalidation of the lien provided by section 3068, subdivision (b), of the Civil Code inure to the benefit of the registered owner of the automobile as well as to the benefit of the legal owner?

██ It is our opinion that the provisions of section 3068, subdivision (b), of the Civil Code inure only to the benefit of the legal owner and that a registered owner, who placed the car in the lien claimant's possession and who ordered the work performed, must pay the entire amount of the bill in order to obtain release of the automobile.

Few California cases directly interpret the code section involved. Those which do interpret it refer to former sections 3051 and 3051a of the Civil Code. They were for the purposes of this case substantially the same as sections 3068, subdivi-

sion (a), and 3068, subdivision (b), of the Civil Code and the latter code sections will be used in this opinion.

Section 3068, subdivision (a), provides in substance that a repairman has a lien for the compensation to which he is legally entitled. It is this subsection which creates the lien.

Section 3068, subdivision (b), which is set forth above provides that that portion of the lien in excess of $200 is invalid in certain circumstances.

As previously paraphrased the question before us is, as to whom is it invalid? If there were no cases interpreting this section it might well be argued that by saying that the lien was invalid the Legislature meant to apply it in every case where $200 was tendered. Appellant contends that the meaning of the section is that it is invalid only as to the legal owner.

In *Hackett* v. *California Laundry,* 7 Cal.App.2d Supp. 757, 760 [45 P.2d 833], the appellate division of the superior court said, referring to the then section 3051a: "This section does not purport to create any liens [citations] but rather to provide a procedure by which certain liens . . . may be made effective *against the owner of the property* by giving notice to the owner if his address is known." (Italics added.)

Similarly, in *Hessel* v. *Pickwick Stages System, Inc.,* 100 Cal.App. 682, 684 [280 P. 1016], the court discussed the validity of a lien in excess of the then statutory amount of $100. The court said: "Later the defendant Wren rendered services of the admitted value of $128.37. Before rendering those services the legal owner was not notified. Subject to the objection of the legal owner, Wren's claim was valid to the full amount. (Civ. Code, § 3051.) *As to the legal owner* that statement must be qualified by virtue of the provisions of section 3051a [now 3068, subdivision (b)] of the Civil Code." (Italics added.)

These opinions indicate to us that the courts of this state have previously interpreted section 3068, subdivision (b), of the Civil Code and its predecessor to mean that the provisions of that section inure only to the benefit of the legal owner.

We state further that it seems entirely reasonable to us that the registered owner of a motor vehicle who is in possession of it should be subjected to the full amount of any lien created by his own act of delivering it to a repairman and ordering its repair.

The judgment on the complaint is therefore reversed.