[No. 6312.]

## JOHN H. HEGLER v. ADELIA EDDY.

INSTALLMENT SALES—DEFAULT IN PAYMENT.—When a contract for the sale of chattels, upon the payment of the purchase money by installments, provides that the purchaser shall have the right to the use and possession of the chattels until default be made in the payment of the installments, but that if such default be made, the owner may at once resume the possession of the property; if such default be made, the right of the owner to resume the possession is not lost or waived by a subsequent receipt of a part of the installment.

TENDER MUST BE PLEADED.—Evidence of a tender made after the commencement of the action, of the amount of the purchase-money then due, is not admissible unless it is pleaded.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco.

Judgment was rendered for the defendant. The plaintiff moved for a new trial, which was denied, and he appealed.

*H. C. Firebaugh*, for Appellant.

*J. G. Severance*, for Respondent.

By the COURT:

This is an action in the nature of an action of replevin, for the recovery of the possession of certain household furniture. The complaint is in the usual form, alleging the ownership and right or possession of the plaintiff, a demand that the defendant deliver the possession of the property, the refusal of the defendant so to do, and her unlawful withholding of the possession thereof, to the plaintiff's damage, etc. The answer denies each of those allegations, except the withholding of the property, but does not set up any new matter.

The contract under which the parties claim, through their respective assignors, is in substance as follows: Jordan Peter and Mary Peter, in consideration of four hundred dollars paid to them by Alice Cumminsky, agree to sell to her the furniture, upon her payment of the further sum of one thousand two hundred and eighty-four dollars, with interest at one and one-half per cent. per month, in installments specified in the contract, and she is to have the right to the use and possession of the furniture so long as she shall pay such installments; " but should she fail to meet any one of said payments at the time when they respectively fall due, and shall not pay the same within ten (10) days thereafter, then and thereupon the undersigned shall be and are entitled to at once reënter into the possession of all the said household furniture, articles, and wares; and all the moneys paid by said A. Cumminsky shall thereupon be and become forfeited to the undersigned, as stipulated and liquidated damages."

This is not a sale, but only a contract for the sale of the property, and the legal title to the property is not thereby transferred or changed. The person with whom such a contract is made has only such right to the possession of the property as the contract gives; and if the contract provides that the right of possession shall cease upon the failure to perform a specified condition, the owner may, upon the failure of the other party to perform the condition, resume the possession. If the condition be the payment of the purchase money at a given time, or in specified installments, the failure to make such payment entitles the owner to the immediate possession of the property. The rule of law in this respect is the same as ·in case of a sale on credit, with the agreement that if the purchaser fail to pay the purchase money within a specified time, the vendor may retake the possession of the property sold. (1 Pars. on Cont. 537, note; Benj. on Sales, sec. 320, note; Ibid. sec. 343; *Preston* v. *Whitney*, 23 Mich. 264.)

The Court found that on the 10th day of April, 1875, there was due from the defendant to the plaintiff's assignees the sum of forty-three dollars and fifty-six cents, and that none of that amount was paid until the 30th day of April, when twenty-five

dollars was paid and received in part payment thereof. The failure of the defendant to pay the installment for April within ten days after it became due entitled the plaintiff's assignors, under the rule already stated, to resume the possession of the property. Their right was then clear and unquestionable, and the only question is, whether they have lost it by reason of anything thereafter transpiring. The Court below found, as a conclusion of law, that the receipt of the twenty-five dollars was " a waiver of the forfeiture claimed by the plaintiff herein, under the agreement " ; and it found, as a fact, that the acceptance of the twenty-five dollars was conditional upon the payment of the balance of the installment on the following day; that thereafter the plaintiff frequently requested the defendant to pay the same, but the defendant refused so to do. The rules of forfeiture do not seem to have any application to the question of the right to the possession of the property. Forfeiture involves both the idea of losing property by a delinquent party, and the transfer of it to another without the consent of the delinquent. Here the ownership was not transferred ; for it remained in the plaintiff and his assignors ; nor was the right of possession transferred ; for the defendant had only such right to the possession as the contract gave, which was merely the right to the use and possession until default should be made in the payment of installments. The plaintiff's right to the possession comes from his ownership of the property; and this right, while he remains the owner, is merely suspended, by virtue of the contract, until the defendant shall make default in paying the installments, and thereupon his right of possession ceases; but it cannot be said to be transferred to the plaintiff.

There does not appear to be any ground upon which it can be asserted that after a default in the payment of an installment at the specified time, the payment of a part of the installment will have the effect to waive the default and restore the party to the rights lost by the default. The facts found show beyond controversy that at the commencement of the action the plaintiff was entitled to the possession of the property.

The defendant offered evidence to show, and the Court found, that after the commencement of the action the defendant sev-

eral times tendered the full amount due, according to the terms of the contract, at the time of the several tenders. The plaintiff's objection to the evidence, on the ground that the answer did not state a tender, was overruled. It is unnecessary at this time to determine whether the tender, if alleged and proven, would entitle the defendant to relief in the nature of equitable or any other kind of relief, as against the consequences of the default in paying the installments, but it is quite apparent that it is new matter which could not be given in evidence without being pleaded; and the Court therefore erred in overruling the plaintiff's objection to the evidence.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Justice McKINSTRY expressed no opinion.