[No. 14077.  Department One.  August 29, 1917.]

UNION MACHINERY & SUPPLY COMPANY, *Appellant*, v.

PAUL L. THOMPSON, *Respondent*.[1]

SALES — CONDITIONAL SALES — APPLICATION OF PAYMENTS — CON-
TRACT—VALIDITY.  A conditional sales contract may provide that the
vendor may make applications of payments to an open account,
which must be paid in addition to the purchase price as a condition
precedent to the vesting of title, and in default of which forfeiture
may be declared.

SAME—CONTRACT—CONDITIONS ON BACK — VALIDITY.  Conditions
printed on the back of a conditional sales contract which declare
that it is made subject thereto, are binding, in the absence of any
inference of fraud or mistake, where the contract is in no sense
obscure.

CHADWICK, J., dissents.

Appeal from a judgment of the superior court for Kitsap
county, French, J., entered November 11, 1916, upon sus-
taining a demurrer to the complaint, dismissing an action in
replevin.  Reversed.

*Robert A. Eaton*, for appellant.

*Philip Tworoger*, for respondent.

MAIN, J.—The purpose of this action was to recover pos-
session of two donkey engines, which had been sold by the
plaintiff to the defendant upon a conditional sale contract.
The complaint is in the usual form in such cases, with a copy
of the contract attached and, by appropriate reference, made
a part thereof.  To this complaint, a demurrer was inter-
posed and sustained.  The plaintiff refused to plead further
and elected to stand upon its complaint.  Thereupon a judg-
ment was entered dismissing the action, from which this ap-
peal is prosecuted.

The facts as alleged in the complaint will be here stated
only to the extent that it seems necessary in order to present

[1]Reported in 167 Pac. 95.

the controlling question in the case. On the 11th day of September, 1914, the appellant sold to the respondent two donkey engines, the purchase price of which was $900, of which $200 was paid in cash. The balance of the purchase price was to be paid in four installments, the last of which became due five months after the sale took place. The contract of sale was made out upon a printed form which the appellant apparently was accustomed to use in its business, and was signed by both parties thereto. The first paragraph of this contract, after a formal recital as to the parties thereto, is as follows:

"That in consideration of the payment of the sum of $900, the premises, the warranties below stated, and subject to the terms and conditions printed on the back hereof which are hereby agreed to and performance thereof warranted by the vendee, the vendor hereby agrees to deliver and sell to the vendee, and the vendee hereby agrees to take from and purchase of the vendor, that certain personal property hereinafter described. That the sum of $200 thereof shall be paid in cash.   .  ."

It should be observed that, by this paragraph in the contract, the sale was "subject to the terms and conditions printed on the back hereof which are hereby agreed to and performance thereof warranted by the vendee." On the back of the contract there were certain printed conditions in only slightly smaller type than that in which the first portion of the contract is printed. These conditions are under a heading in rather prominent type, as follows:

## "TERMS AND CONDITIONS REFERRED TO ON THE FACE OF THIS CONTRACT"

Paragraph 4 of these conditions is as follows:

"It is agreed that the vendor may apply money received from the vendee, either upon this contract, any other conditional sale contract, or open account, held by the vendor, as its president or secretary may elect. The right of the vendee to make special application of payments being hereby expressly waived."

Paragraph 7 of the conditions is as follows:

"The legal and equitable title to the property shall at all times remain in the vendor until the purchase price thereof as evidenced by the notes described herein, and any renewals thereof, or judgments thereon (or as evidenced by this contract in case no notes were given), and all other sums due, shall have been paid in full, and each and all of the warranties, covenants and stipulations are complied with. That such payment and compliance shall be a condition precedent to the vesting of title, either legal or equitable, in the vendee."

By paragraph 7, the payment of the purchase price of the engines, "and all other sums due," was made a condition precedent to the vesting of the title in the vendee.

On May 6, 1916, there was a balance due of $100 on the purchase price of the engines, and in addition thereto, the respondent was indebted to the appellant in the sum of $24.90 on an open account. A few days subsequent to the date last mentioned, the respondent tendered to the appellant $100, and at the same time demanded a satisfaction of the conditional sale contract, which was refused on the ground that there was still a balance of $24.90 due on the open account. The respondent refused to pay the latter sum, and took the $100 away with him. On August 23, 1916, the appellant declared a forfeiture of the contract and demanded the return of the two engines, and on September 11, 1916, the present action in replevin was brought to recover the possession thereof.

The first, and it seems to us the controlling question, is whether the owner of personal property, in making a sale thereof, has a right to impose as a condition precedent to the vesting of the title in the vendee that the latter shall pay any sum due the former on an open account in addition to the purchase price of the article or articles sold. In this case the rights of third persons are not involved, but the question is whether the parties, as between themselves, have a right to contract that the title to property shall not pass until the conditions therein specified, other than the payment

of the purchase price, are performed by the vendee. There seems to be a dearth of authority upon this question, but, so far as the courts have spoken upon it, they seem to be in accord upon the proposition that the owner of property, when making a sale thereof, may annex such lawful conditions to the transfer as he may think proper. *McCune v. McCune,* 29 Mo. 117; *Malone v. Minnesota Stone Co.,* 36 Minn. 325, 31 N. W. 170; *Dunlop v. Mercer,* 156 Fed. 545.

None of the decisions just cited give much discussion to the question, and we have been unable, in a diligent search, to discover others which considered it, but it would seem to be a reasonable rule that would permit parties to make such a contract as they might desire, binding between themselves, so long as such contract contravenes no rule of law or public policy. In the case now under consideration, the parties contracted that the title to the donkey engines should not pass until the balance due by the vendee to the vendor upon an open account, in addition to the purchase price, should be paid. When the tender was made of the balance due on the purchase price, there was approximately $24.90 due on an open account, and, therefore, under the terms of the contract, the vendee had no right to demand its cancellation. In addition to this, the vendor, through its president or secretary, had a right to elect whether a payment made should be applied upon the contract or upon an open account. The right of the vendee to make special application of payments was expressly waived. If the rights of third persons were involved, an entirely different question would be presented, upon which no opinion is here expressed.

There is some argument to the effect that the vendee is not bound by the conditions on the back of the contract, but we think this contention is not well founded. Upon the present record, there is nothing from which an inference of fraud, mistake, duress, deception, misrepresentation, or artifice, in connection with the contract, is deducible.

The first paragraph in the contract refers to the conditions on the back thereof. These conditions are printed without interlineations or erasures in only slightly smaller type than that which appears on the face of the contract. The contract is signed by both parties thereto, and even the term which makes the contract of sale conditional and not absolute is found among the printed conditions on the back thereof. Weight must always be given to the fact of the execution of the contract and the presumption which exists in favor of written instruments. *Mishawaka Woolen Mfg. Co. v. Stanton*, 188 Mich. 237, 154 N. W. 48, L. R. A. 1917B 651.

The case of *Allen & Gilbert-Ramaker Co. v. Canadian Pac. R. Co.*, 42 Wash. 64, 84 Pac. 620, is not here controlling. In that case there had been a trial on the merits, and the instrument there involved was a bill of lading, on the back of which certain conditions were printed in very fine type, almost impossible for any one not accustomed to them to read, and were further made illegible by the use of stamps which covered a large part of the printed matter. Here the question arises upon a demurrer to the complaint, and a contract which is in no sense obscure, and which is executed by both parties. In the present case, the meaning of the contract is clear and free from doubt. It is so plain that there is no occasion for construction.

The judgment will be reversed, and the cause remanded with direction to the superior court to overrule the demurrer.

Reversed.

ELLIS, C. J., MORRIS, and WEBSTER, JJ., concur.

CHADWICK, J. (dissenting)—I think the better argument is with the judgment of the court below and that it should be affirmed.