[Civ. No. 3429. First Appellate District, Division One.—July 21, 1920.]

PACIFIC FINANCE & INVESTMENT COMPANY (a Corporation), Appellant, v. HARLEY PIERCE et al., Defendants; GREER–ROBBINS CO. (a Corporation), Respondent.

[1] CONTRACTS—SALE OF AUTOMOBILE — TIME OF ESSENCE — ACCEPTANCE OF PAST DUE INSTALLMENTS—WAIVER OF FORFEITURE PROVISION.—Where the contract for the sale of an automobile, the purchase price of which is payable in installments, expressly provides that acceptance by the owner of any payment after the same is due shall not constitute a waiver of the provision making

time the essence of the contract, by accepting installments when they are past due the owner does not waive its right to retake possession of the automobile upon further default, in accordance with the express terms of the contract.

[2] ID.—DEFAULT OF VENDEE—ACTION FOR REPOSSESSION—STATUS OF COLLATERAL AGREEMENTS—IMMATERIAL ISSUES.—In an action by the vendee of such automobile to determine its rights therein, after default had been made in the payment of certain installments as provided in the contract and the vendor's assignor had retaken possession thereof, the trial court having properly found and determined from the evidence that such assignor was authorized by the contract to retake possession of the automobile, it was not necessary to find further the amount, if any, owed to plaintiff by its vendee; neither was it necessary for the trial court to find whether a contract for the sale of the automobile entered into between such assignor and another, after the former had retaken possession of the automobile following the default by plaintiff, was canceled or forfeited.

[3] ID.—RIGHT OF POSSESSION—PLEADING—JUDGMENT — INTEREST. — In such action, the plaintiff having obtained possession of the automobile after the assignor of its vendor had retaken possession thereof, and such assignor, by way of a cross-complaint, having sought its return and at some stage of the proceedings having gotten possession thereof, which it had at the time of trial, the inclusion in the judgment of a specified sum "as interest upon the money invested in said automobile during the time plaintiff was wrongfully in possession thereof" is erroneous, there being neither allegation, finding, nor conclusion of law to which it responds.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews. Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

J. De La Motte for Appellant.

R. Lee Bagby for Respondent.

WASTE, P. J.—The plaintiff, claiming the right to do so, under the provisions of a contract of purchase and sale, took possession of a certain automobile, and brought this action against the defendants, seeking to be subrogated to the right of the defendant Pierce to perform a contract, entered into between the Greer-Robbins Co. and Pierce, to purchase the car. Judgment was for the defendants, and confirmed the

right of possession of the automobile to the Greer-Robbins Company. Plaintiff appealed.

The plaintiff is a corporation engaged in the business of financing automobile and other contracts for commodities sold on the installment plan. The defendant Greer-Robbins Company, engaged in the business of selling automobiles, had sold the automobile in question to Frank H. Wells, one of its salesmen. Wells, as owner, then entered into a contract with the plaintiff, under the terms of which he sold the car to it upon the installment plan for the sum of $1100.00. As a matter of fact, the real purchaser from Wells was the defendant Harley Pierce, the plaintiff merely financing the purchase for him. Wells then assigned the contract to the defendant Greer-Robbins Company. Defendant Pierce, in order to secure the plaintiff, entered into a side agreement with it, in which he agreed to buy the automobile from it, on installments, and specified terms. Payments, as per the Wells contract not being made, the Greer-Robbins Company took forcible possession of the car, and declared the contract canceled. Plaintiff thereupon offered to pay the amount past due on the contract and the entire balance due on the car. The Greer-Robbins Company refused the offer and sold the car to the defendant National Motors Company, under an installment contract for the amount due it as assignee of the Wells contract. The plaintiff took the possession of the car from the National Motors Company. That concern had in the meantime defaulted in its payments, and the Greer-Robbins Company had instituted an action to cancel all its rights under its contract.

The plaintiff in its amended complaint alleged the whole transaction to have been conceived and carried out for the purpose of cheating and defrauding it out of the money paid by it upon its contract with Wells, and other sums expended for the benefit of Pierce under its contract with him. It offered to pay into court the balance due the Greer-Robbins Company and sought to be subrogated to the right of Pierce and to be allowed to redeem and perform the contract for the purchase of the car. The trial court found there was no fraud in the premises. It confirmed in every particular the rights of the defendant Greer-Robbins Company in the transaction, and held that it was entitled to the possession of the automobile.

Much of the appellant's argument upon this appeal is disposed of by the findings of the lower court. [1] By its terms time is the essence of the Wells contract, and it is expressly covenanted that acceptance by the owner of any payment after the same is due shall not constitute a waiver of that provision. Pierce was in default, and plaintiff was in no better position than was Pierce when the Greer-Robbins Company took possession of the car and canceled the contract for its purchase. That company looked to plaintiff for the installments under the contract. The record indicates that it, in turn, relied upon Pierce, and he upon it. Plaintiff knew and warned Pierce of the danger he and it were in from "standing off" the payments, all, or the most of which, were made after they became due, and after notification and demand by the Greer-Robbins Company. By accepting the installments when they were past due that company did not, as contended for by the appellant, waive its right to retake the automobile upon further default. (*Benedict* v. *Greer-Robbins Co.*, 26 Cal. App. 468, 470, [147 Pac. 486].) The condition of the contract was the payment of the purchase price in installments at given times. The failure to make them entitled the vendor by the express terms of the agreement, at its option, without previous demand or notice, to retake possession of the car. (*Hegler* v. *Eddy*, 53 Cal. 597, 598.) The appellant and Pierce were one in the transaction, and the Greer-Robbins Company was not estopped to assert the contract against the claim and offer of appellant, no fraud or oppression being proved or found. (*Van Allen* v. *Francis*, 123 Cal. 474, 481, [56 Pac. 339].) The trial court correctly concluded and held that the acceptance of the payments after they became due did not constitute a waiver of the strict performance of the clause in the agreement making time of the essence of the contract and providing for retaking possession of the car on default in the payments. The cases relied upon by appellant to support its contention expressly lay down the rule that they are not applicable when, as here, time is expressly made the essence of the contract. (*Liver* v. *Mills*, 155 Cal. 459, 462, [101 Pac. 299], citing *Miller* v. *Steen*, 30 Cal. 403, 407, [89 Am. Dec. 124].)

[2] The appellant contends that the court omitted to find on material issues. The side agreement entered into by the

appellant and Pierce, for the purpose of protecting appellant in its advances for Pierce's benefit, was collateral to the transaction involved here and immaterial to the real issues of the case. It was unnecessary for the lower court to find the amount, if any, owed to appellant by Pierce under its terms. It does appear from the findings, however, that but two payments were made by the appellant on the contract and an additional amount of $163 for advances. Whatever may have been the amount due to Greer-Robbins Company from Pierce, or the National Motors Company, under the contract was also immaterial. Appellant's contention that there is no finding upon the issue as to the forfeiture of its rights under the Wells contract is not supported by the record. The court expressly found that such a forfeiture was declared, and the finding is supported by the testimony and the written notice of cancellation, dated June 2, 1917. We are unable to see how the appellant is materially injured by the failure to expressly find that the contract between the Greer-Robbins Company and the National Motors Company was canceled or forfeited. The evidence is to the effect that the payments were not made under its provisions. No rights of the appellant rest upon the existence or nonexistence of that contract. It was in default under its own contract before that transaction arose. For the same reason it matters little to appellant who comprised the copartnership National Motors Company, although the finding that Fairbairn and Davis were the partners appears sufficiently supported by the evidence.

The lower court found that after the contract between Wells and plaintiff was made, the plaintiff, without the consent, knowledge, or acquiescence of Greer-Robbins Company, entered into the side agreement with Pierce. While there is evidence tending to show that this finding does not entirely accord with the facts, it finds support in the testimony of the secretary of the Greer-Robbins Company to the effect that, while it was well understood that the plaintiff was financing Pierce in the deal, the company had no knowledge of their real relations, or that there was any contract or agreement between them. Finding VI, relative to the transaction between the Greer-Robbins Company and the National Motors Company, and the interest of Pierce in that concern, after the rights of plaintiff in the Wells contract had been

forfeited, finds ample support in all its essential details in testimony, the truth or falsity of which, and the weight to be given it, were matters for the determination of the trial court.

[3] When the appellant commenced this action it had the automobile in its possession. The respondent Greer-Robbins Company, by way of a cross-complaint, on the facts already stated, sought its return and at some stage of the proceedings got possession, which it had at the time of the trial. The finding of the court was that none of the other parties had any interest in the automobile, and that the Greer-Robbins Company was the rightful owner. In addition to awarding the possession of the car, the court included in the judgment "the sum of $17.50 as interest upon the money invested in said automobile during the time plaintiff was wrongfully in possession thereof." Respondent did not suggest or pray for damages of that character. We are at a loss to appreciate upon what theory the item was included in the judgment. There is neither allegation, finding, nor conclusion of law, to which it responds. We have been unable to bring the amount into agreement with any of the figures of the various contracts, or unpaid balances, entering into the transaction. The findings are not models of legal sufficiency, but on the whole record fairly support a proper judgment, except as just noted. The judgment should be affirmed, except as to the item of interest included therein.

The cause is remanded to the lower court, with instructions to modify the judgment by striking out therefrom "the sum of $17.50 as interest upon the money invested in said automobile during the time plaintiff was wrongfully in possession thereof." When so modified the judgment shall stand affirmed, the respondent to recover the costs of appeal.

Richards, J., and Welch, J., *pro tem.*, concurred.