[No. 20730.   Department Two.   January 24, 1928.]

ARTHUR LUNDBERG et al., Respondents, v. A. I.
SWITZER et al., Appellants.[1]

[1] SALES (180)—CONDITIONAL SALES—WAIVER OF CONDITION FOR
BREACH—ACCEPTANCE OF DELAYED PAYMENTS. The acceptance of
payments after default does not waive the right to forfeit a
conditional sales contract without notice where it expressly pro-
vides that acceptance of delayed payments shall not operate as
a waiver of strict performance, and that the vendor may never-
theless without notice enforce the contract by forfeiture.

Appeal from a judgment of the superior court for
Spokane county, Leavy, J., entered February 25, 1927,
upon the verdict of a jury rendered in favor of the
plaintiffs, by direction of the court, in an action of
replevin. Affirmed.

*M. E. Mack,* for appellants.
*James A. Brown,* for respondents.

MAIN, J.—This was a replevin action. The cause
came on for trial before the court and a jury. At the
conclusion of the evidence, defendants made a motion
that the jury be directed to find in favor of the de-
fendants as to their right to the possession of the auto-
mobile truck in question; that, if the possession could
not be delivered, the jury should then find the value of
the automobile and assess the damages. The plaintiffs
challenged the sufficiency of the defendants' testimony
and moved for a directed verdict in their favor. The
defendants' motion was denied and the plaintiffs' mo-
tion was granted. From the judgment entered, find-
ing that C. B. Pendell, who was the successor in in-
terest to the plaintiffs, was the lawful owner and en-

[1]Reported in 263 Pac. 178.

titled to the possession of the automobile, the defendants appeal.

The facts essential to present the question which is decisive upon this appeal may be summarized as follows: One Ralph G. Kurz was engaged in the retail meat business in the city of Spokane. On January 3, 1925, he purchased a Ford delivery truck by conditional sale contract, the purchase price thereof being $522.58. One hundred and ninety-two dollars and fifty cents was paid at the time the contract was executed and the balance was to be paid in twelve installments of $27.51 each, payable on the third day of each succeeding month until the full sum was paid. Kurz used the automobile delivery truck in his business.

On July 14, 1925, Kurz and the appellants became associated together in the conduct of the meat business theretofore carried on by Kurz. The agreement, entered into at this time, provided that a corporation should be formed and the stock divided as specified in the contract. Kurz attempted to form a corporation, but it was never completed. Thereafter the business was conducted under the name of the R. G. Kurz Meat & Produce Company. The appellant, A. I. Switzer, was actively engaged with Kurz in the conduct of the business. The Ford truck was used by the parties as it had been before used by Kurz. The corporation not having been completed, the parties to this appeal treated the relationship established as one of partnership, and we will so regard it for the purposes of this case.

The enterprise was not successful under the new arrangement, and on February 20, 1926, Kurz withdrew from the business. At this time, he took with him the Ford truck, rightly as he claims, and temporarily, as

a loan thereof, as the appellants claim. Kurz while in possession of the truck, and on or about March 29, 1926, turned it over to Lundberg and Pendell, of whom the latter is the successor in interest and the sole respondent, in satisfaction of the balance due thereon, Lundberg and Pendell holding the contract as assignees. At this time, there was a balance overdue and unpaid of $92.65. The monthly payments made on the car by Kurz, prior to the time that the appellants became associated with him, were not made promptly. After the partnership came into existence, the payments were made out of the partnership funds, but were not made upon the due dates. In other words, the payments were continuously made some time after they became due.

After the car had been turned over to the respondent Pendell, he rented it to Kurz. About two weeks later, A. I. Switzer, seeing the car on the street, took it into his possession. Thereafter the present action was brought for the purpose of determining the ownership and right to the possession of the Ford automobile truck.

The conditional sales contract contains this provision:

"It is agreed that any extension of the time of any payment, or the acceptancce of a part thereof, or the failure of the vendor to promptly enforce any other breach of this contract by the purchaser, shall not be construed as a waiver on the part of the vendor of the strict performance of all the conditions herein contained, and the vendor may, nevertheless, without notice, enforce the performance of the contract by forfeiture and termination thereof, as herein provided upon any breach by the purchaser of any of the conditions herein contained or upon failure to make prompt payment according to any extension made."

Here was a direct agreement between the parties that any failure on the part of the vendor to enforce

strict performance as the payments became due should not be considered as a waiver of any of the conditions of the contract.

[1] Whether title to the automobile passed to the partnership and whether, when the partnership terminated, Kurz took it away rightfully or as a loan, under the record were questions of fact for the jury. For the purposes of this case, however, it will be assumed, but not decided, that the automobile became the property of the partnership and that, when Kurz withdrew, it remained the property of the appellants and Kurz had no right or title thereto. With this assumption in favor of the appellants, the controlling question is, whether the excerpt from the contract above quoted gave the right to forfeit the contract for overdue payments, without demand and reasonable time to comply, after there had been repeated acceptance of payments subsequent to the due dates thereof. The appellants cite a long line of cases from this and other courts holding that the right of forfeiture cannot be exercised without demand and a reasonable opportunity to comply after there has been a waiver of strict performance by the acceptance of delayed payments. About this rule there is no controversy, as it is firmly written into the law. The question here is not as to the rule, but whether it applies where, as in this case, there is an express agreement, by which the parties stipulated that acceptance of delayed payments should not be considered as a waiver of strict performance as to other payments or conditions under the contract. At the time of the sale, the parties had a right to place in the contract any terms or conditions which were not unlawful or against public policy. *Union Machinery & Supply Co. v. Thompson,* 98 Wash. 119, 167 Pac. 95.

In providing in the contract that acceptance of the delayed payments should not operate as a waiver of future payments, it cannot be said that the parties did anything which contravened any rule of law or went counter to public policy. Where the vendor has waived strict performance by accepting delayed payments, he may, by due notice to the purchaser, reinstate strict performance. *Walker v. McMurchie,* 61 Wash. 489, 112 Pac. 500. If the vendor has the right, by notice, to reinstate strict performance as to subsequent payments after having waived that performance by accepting delayed payments, it would seem to follow that the parties to the contract in the first instance, if they saw fit to do so, could agree that the acceptance of delayed payments should not operate to waive strict performance as to any future payments. In *Pacific Finance & Investment Co. v. Pierce,* 48 Cal. App. 600, 191 Pac. 1115, it was held that the acceptance of installments, when they were past due, did not waive strict performance as to future payments, where the contract expressly covenanted that the acceptance of payments, after they became due, should not operate as a waiver of the forfeiture provision of the contract.

In none of the cases cited and relied on by the appellants, was there a contract under consideration, so far as the opinions show, which contained a provision like, or similar to, that in this case, where the parties expressly agreed that indulgence by the vendor as to the time of payments should not waive strict performance as to any future payments. The rule of those cases does not fit the facts of the present case.

The judgment will be affirmed.

MACKINTOSH, C. J., ASKREN, and HOLCOMB, JJ., concur.