[Civ. No. 11794. First Dist., Div. Two. Aug. 13, 1942.]

DAN DEEVY, Jr., Respondent, v. J. G. LEWIS et al., Appellants.

Freitas, Duffy & Keating for Appellants.

Vincent W. Hallinan and James A. Himmel for Respondent.

SPENCE, J.—In this action for the alleged conversion of certain farming equipment, plaintiff recovered judgment for $679.85 as the value of plaintiff's alleged interest in said equipment, $500 for loss of use thereof and $1,000 as exemplary damages. Upon motion for a new trial, plaintiff consented to a reduction of the exemplary damages to $250 and the motion was denied. Defendants appeal from the judgment.

The Deevy family, consisting of plaintiff together with his parents and his sister, lived upon a farm in Marin County. These parties, either jointly or individually or both, carried on activities in farming and cattle raising. Nellie Deevy, the mother of plaintiff, had an overdue account with defendants for cattle feed. In April, 1940, defendants commenced an action against Nellie Deevy and subsequently recovered judgment therein. A writ of attachment and a writ of execution had been issued in said action and levies had been made upon the farming equipment which is the subject of this action.

Prior to the commencement of said action against Nellie Deevy, plaintiff and said Nellie Deevy had entered into a conditional sales contract for the purchase of said farming equipment from The Grandi Company. Said company had discounted said contract by assignment to a bank. After numerous defaults by the purchasers under the terms of said contract, the bank reassigned said contract to The Grandi Company in June, 1940. Shortly thereafter, under instructions from plaintiff herein, The Grandi Company filed a third party claim in the action brought by defendants against Nellie Deevy. In said third party claim, The Grandi Company re-

cited the facts concerning the conditional sales contract including the following: ". . . which said contract has been breached by the purchasers above named for failure to pay the sums due upon said contract in accordance with the terms thereof and that the undersigned has elected to declare a breach of said contract and to retake possession of the property transferred thereunder. . . ." It is conceded that the purchasers were in default at the time said third party claim was filed and that no further payments were thereafter made. At about the time of the filing of the third party claim by The Grandi Company, plaintiff herein also filed a third party claim in said action. In order to protect their interests, defendants herein purchased from The Grandi Company on June 20, 1940, the conditional sales contract paying therefor the sum of $1,020.15 which was the amount of the entire balance due thereon.

The hearing on said third party claim was held on August 2, 1940. At that hearing, plaintiff herein claimed that Nellie Deevy signed the conditional sales contract merely as an accommodation to him and that she had no interest in the farming equipment on which the levy had been made. The trial court determined that the legal title to said equipment was in defendants herein and that the equitable title was in plaintiff herein. In other words, it was determined that Nellie Deevy had no interest in said equipment and that the levy upon said equipment, made in said action against her, had failed. Defendants herein immediately advised plaintiff that repossession of the equipment would take place immediately.

Four days later, plaintiff and his attorney called on defendants' attorney and offered to pay the sum of $347 which they calculated to be a sum sufficient to pay up the delinquent payments. This offer was refused but defendants' attorney advised them that if they would apply one-half of said amount upon the judgment against Nellie Deevy, a satisfactory refinancing arrangement might be made with respect to said equipment. This counter-proposition was rejected. Two days thereafter, plaintiff and his attorney again called on defendants' attorney and offered to pay $920.15 which they claimed to be the total amount remaining due. This offer was rejected upon the ground that it was made too late and after plaintiff's rights under the contract had been terminated and upon the further ground that the amount offered was insufficient as $1,020.15 was the amount which would have been

required. Thereafter defendants sold said equipment and this action followed.

The main contentions of defendants herein are that the evidence is insufficient to sustain the verdict and judgment; that the judgment is against law; and that the trial court erred in its instructions to the jury. These contentions may be considered together as all of said contentions involve the question of the rights of the parties under the conditional sales contract.

The pertinent portions of said conditional sales contract read as follows:

"4. Should purchaser fail to pay said indebtedness or any part thereof when due, or breach this contract, or if any execution or writ be levied on any of purchaser's property . . . seller, at his option, and without notice to purchaser, may declare the whole amount unpaid hereunder immediately due and payable, or seller may, without notice or demand, by process of law or otherwise, take possession of said chattels wherever located. In the event of such repossession, seller may, without notice to purchaser, declare all of purchaser's rights under the contract terminated and retain all monies paid thereon for the reasonable use of said chattels. . . .

"5. Any action to enforce payment shall not waive any of seller's rights hereunder. Any indulgences granted purchaser shall not constitute a waiver of any of seller's rights. Time is of the essence of this contract . . . seller may assign this contract without notice to purchaser."

"8. This contract shall apply to, inure to the benefit of, and be binding upon the . . . assigns of the respective parties . . .".

The jury was instructed and the trial court proceeded upon the theory that there had been a waiver by the seller of the portion of the contract making time of the essence by reason of the indulgences granted to the purchasers by the seller in accepting payments after the times specified in the contracts. (*Boone* v. *Templeman*, 158 Cal. 290 [110 Pac. 947, 139 Am. St. Rep. 126].) We do not believe this theory can be sustained under the contract before us. It will be noted that the contract here differs from the contract in Boone v. Templeman, *supra,* and similar cases in that it provides that "Any indulgences granted purchaser shall not constitute a waiver of any of seller's rights."

In the recent case of *Fageol T. & C. Co.,* v. *Pac. Ind. Co.,* 18 Cal. (2d) 748 [117 P. (2d) 669], the court said at page

756: "The contract provides that time is the essence of every part thereof; that neither acceptance of any overdue payment nor the waiver of any breach of any term or condition shall 'operate as a waiver of any other *prior or subsequent breach*'; and that upon default repossession may be gained without previous demand of performance. Having so provided, the parties were bound by such covenants to the same extent as they were bound by any other article of their agreement. By such provisions they neither violated a statute nor contravened public policy. Where a contract expressly provides that acceptance of installment payments after they become due shall not operate as a waiver of its forfeiture provision, the acceptance of past due payments does not waive strict performance as to any other payments or conditions stipulated in the contract. (*Pacific Finance etc. Co.* v. *Pierce*, 48 Cal. App. 600 [191 Pac. 1115]; *Lundberg* v. *Switzer*, 146 Wash. 416 [263 Pac. 178, 59 A. L. R. 131].) It having been established that Thomas was in default as to the payment due January 10th and that such default was never waived, plaintiff's repossession of the truck was its absolute right." See also *Pacific Finance etc. Co.* v. *Pierce*, 48 Cal. App. 600 [191 Pac. 1115]; *Brown* v. *Chowchilla Land Co.*, 59 Cal. App. 164 [210 Pac. 424]; *Lundberg* v. *Switzer*, 146 Wash. 416 [263 Pac. 178, 59 A. L. R. 131].

In *Miller* v. *Modern Motor Co.*, 107 Cal. App. 38 [290 Pac. 122], a case upon which plaintiff strongly relies, the court distinguishes the contract there from the contract involved in *Pacific Fin. Ind. Co.* v. *Pierce, supra,* by saying at page 44 that in the latter case, ". . . the contract expressly provided that acceptance by the owner of any payment after the same is due shall not constitute a waiver of the provision that time was of the essence. . . ."

We are therefore of the opinion that the theory upon which the instructions were based and upon which the trial court proceeded did violence to the express terms of the contract of the parties, which terms were valid and gave to the seller the right to repossess the property regardless of prior indulgences. We further conclude that plaintiff may not rely upon the provisions of section 3275 of the Civil Code to sustain the judgment as the uncontradicted evidence shows that plaintiff failed to tender "full compensation" as required by that section as a prerequisite to relief from forfeiture. These conclusions make it unnecessary to consider the other points raised by defendants.

In conclusion it may be stated that plaintiff claims that in the action against Nellie Deevy the court "found that respondent was entitled to the return of the tractor and tractor equipment" and he was therefore "entitled to immediate possession of his property." But that issue was not before the court in that case and no finding or conclusion was made thereon. Third party claim proceedings under section 689 of the Code of Civil Procedure are had for the purpose of determining whether the debtor has any right, title or interest in the property upon which the levy has been made. By the terms of that section, the judgment of the court in such proceedings is only made "conclusive as to the right of the plaintiff, or other person in whose favor the writ runs, to have said property taken, or held, by the officer and to subject said property to payment or other satisfaction of his judgment."

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.