**COWDEN**

**v.**

**LITTLE ROCK ROAD MACHINERY CO.**

No. 35285.

Supreme Court of Oklahoma.

Nov. 17, 1953.

Irvine E. Ungerman, Tulsa, Charles A. Whitebook, Tulsa, of counsel, for plaintiff in error.

Kight & Brainard, Claremore, for defendant in error.

## PER CURIAM.

The Little Rock Road Machinery Company brought suit against David H. Cowden for possession of several items of heavy machinery of the type used in road construction work, or their value. In petition the plaintiff alleged that it had sold and delivered the machinery to the defendant under a conditional sales contract whereby the said defendant agreed to purchase the machinery for the sum of $15,392.10 payable: $4,957.20 on delivery of the machinery, and the balance to be paid in monthly installments of $695.66; that certain of the monthly payments had not been paid and there remained a balance due under the contract in the amount of $3,869.62; that in the circumstance of default in payments, and under the terms of the contract the plaintiff was entitled to the immediate possession of the property; that demand for payment had been made and refused.

The prayer of the petition was for an order of the court requiring the defendant to deliver to the plaintiff the said property or its alleged value in the sum of $3,950.

Summons was issued and served on the defendant in Rogers County. A writ in replevin was issued, but the machinery was not then in Rogers County and the writ was so returned. Thereafter, and several days before answer day, the defendant in person, not represented by any attorney, called upon the attorneys for plaintiff in the suit and sought additional time to pay his obligation for reasons which were then discussed. The defendant had rented these items of machinery to one McElroy who had thereby become indebted to the defendant in a substantial amount of rentals on the machinery; this was disclosed to plaintiff's attorneys in the conference. McElroy, who was known to plaintiff's attorneys, promised to make monthly payments of $750 on his then indebetdness to defendant and upon the machinery rental accruals in the future, and it was the mutual understanding of the parties that said payments were to be made to the plaintiff's attorneys for application on the defendant's obligation involved in the suit. It was then agreed in that conference that the defendant would pay to the plaintiff $1,000, and that the balance of the amount sued for should be paid by the $750 monthly payments to be made by McElroy, as above stated.

The attorneys for plaintiff then agreed that no further action would presently be taken in the lawsuit. The defendant did pay to plaintiff's attorneys the $1,000, and with the knowledge and consent of their client, plaintiff's attorneys made the agreement to accept the $1,000 payment, and the balance to be paid at $750 per month, with no further action to be taken in the case if the payments agreed upon were made. There is no dispute in the record as to the foregoing. The defendant understood that no further action of any kind would be taken in the lawsuit unless and until he was further notified, but on that point there was dispute in the testimony.

At any rate, the defendant paid the $1,000 on the indebtedness and went on about his employment. McElroy failed to make the monthly payments of $750, or any part thereof. Thereafter on January 11th, some two or three months after the original answer date fixed in the summons, and no answer having been filed and no further payments on the indebtedness having been made, the plaintiff procured the issuance of an alias writ of replevin to Muskogee County and there obtained possession of the several items of road machinery, and on the following January 17th plaintiff applied for and obtained in the district court a default judgment against defendant for the possession of the machinery stated to be of the value of $3,950.

A copy of this alias writ was served on defendant on January 15th by leaving it

555555555555555555

---

at his residence in Rogers County, but he was then engaged in construction work in Arkansas. Defendant obtained actual knowledge of this alias writ on January 18th, and on January 20th he tendered to plaintiff's attorneys full payment of the balance due but was advised, in substance, that the matter was out of the hands of said attorneys, or in any event, the tender was not accepted. Then, or soon thereafter, defendant learned of the default judgment and on February 12th, through his attorney, he filed his motion to vacate the default judgment. In that motion the defendant tendered and offered to pay the full amount of the balance due on the indebtedness involved in the suit, and alleged that he had no knowledge or information that McElroy had failed to make the $750 monthly payments agreed upon, and that he had no notice or knowledge of the alias writ of replevin, or of the intention of plaintiff and the attorneys to proceed further in the action until after the default judgment had been rendered. Hearing was held and the motion to vacate the default judgment was denied, and the defendant brings this appeal.

It seems clear to us that before taking possession of the machinery by the alias writ in replevin, or before asking final judgment the plaintiff should have filed an amended petition giving defendant credit for the $1,000 he had paid on his indebtedness and presenting the remaining balance of the debt secured by the conditional sales contract with additional service on defendant, and of course time to answer. 12 O.S.1951 §§ 314, 321.

It was shown that at the time of the default judgment the property was of a value far beyond the amount that was due under the conditional sales contract. The plaintiff, after learning of the default judgment, and within three days after the judgment had been entered, offered to plaintiff's attorneys to pay the debt in full for the return of the property.

The circumstances that the property was of a value in excess of the balance due under the conditional sales contract, and that after suit the defendant paid $1,000 with effect to further reduce the balance due under the contract, and that defendant, with promptness, after learning of the default judgment offered the plaintiff the full balance due under the sales contract, lead to a conclusion that the defendant relied on the plaintiff's promise to defer action to recover possession of the property in the time that the third party had promised to make regular payments in discharge of the balance due under the sales contract, and in the assumption that the plaintiff would not or could not recover possession of the property or a final judgment against the defendant without a further demand and notice to the defendant than that imparted by the original summons. For authorities dealing generally with the principle that defendant here was entitled to further notice or demand see Lundberg v. Switzer, 146 Wash. 416, 263 P. 178, 59 A.L.R. 131; Columbia Airways, Inc., v. Stevens, 80 Utah 215, 14 P.2d 984, and Calhoun v. Universal Credit Co., 106 Utah 166, 146 P.2d 284.

A court of general jurisdiction has full control over its judgments during the term at which they are rendered and may for good cause shown and in the exercise of its sound discretion vacate and set aside such judgments. Selected Investments Corp. v. Bell, 201 Okl. 408, 206 P.2d 989.

In the circumstances herein, we find that it was an abuse of discretion to refuse to vacate the default judgment. See Gulf, Colorado and Santa Fe Ry. Co. v. Kellum, Okl.Sup., 261 P.2d 610.

The judgment overruling the defendant's motion to vacate the default judgment is reversed, and the trial court is directed to enter its order vacating the default judgment.

HALLEY, C. J., and WELCH, CORN, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.

O'NEAL, J., dissents.